Jenkins *vs.* Temples.

GEORGE W. JENKINS, plaintiff in error, *vs.* JAMES D. TEMPLES, defendant in error.

1. While contracts in general in restraint of trade, are against the policy of the law and will not be enforced, it is legal to contract, that one party for a valuable consideration, will not, for a time specified in the contract, carry on a particular kind of trade, in a village or at a particular locality, and the Courts will entertain an action for damages for a breach of such contract, and it is error in the Court to dismiss the plaintiff's action on the ground, that the damages are too remote and that no specific sum was agreed upon as stipulated damages.

Remote damages. Restraint of trade. Demurrer. Decided by Judge PARROTT. Murray Superior Court. October Term, 1869.

On the 4th of September, 1868, Jenkins brought case against Temples, averring as follows: On the 26th of February, 1868, in Spring-place, in said county, he purchased from Temples, his, Temples', groceries, consisting of whisky, brandy, wine, tobacco, segars, oysters, pickles, mackerel, sardines, candies, etc., etc., being his entire stock of groceries and confectionery, all of which was billed by Temples to him at

very high prices, and agreed to pay Temples for them, in consideration that Temples agreed and bound himself to use all his influence for Jenkins with his former customers to said grocery thus purchased by Jenkins, and further bound himself not to deal in any of said articles within Spring-place, until January, 1869, and Jenkins further agreed to pay Temples $75 rent for the grocery store, upon the further pledge that Temples would not open or expose to sale in Spring-place, any one of said articles. Yet Temples has opened a grocery in Spring-place, and is selling therein each and every one of the articles aforesaid, to the damage of Jenkins, $500 in sales, and the further sum of $500, in custom and influence.

The Court, *ex suo mero moto*, dismissed said case, alleging as a reason therefor, that unless said parties had agreed upon a certain sum as damages for breach of said contract, plaintiff could not recover the damages claimed, they being too indefinite and remote. This is assigned as error.

R. J. McCAMY, W. LUFFMAN, W. W. GIDDENS, for plaintiff in error, cited secs. 2217, 2895, of Irw's Code, as to damages, and 2 Parson's on C., 255; 6th Pick R., 206; Ch. on Com., 579; 10th Ga. R., 503, as to partial restraint of trade.

J. A. W. JOHNSON, A. FARNSWORTH, for defendant.

BROWN, C. J.

We are of opinion that the Court erred in ordering this case dismissed, on the ground that the plaintiff could not recover unless he and the defendant "had agreed upon a certain sum as damages for breach of said contract," and on the ground that the damages were "too indefinite and remote." The declaration alleges, that plaintiff purchased defendant's stock of groceries "at very high figures or prices," and rented his grocery house for seventy-five dollars, in consideration that the defendant would not "deal, in any of said articles thus billed to petitioner at any place within the corporate

limits of the town of Spring-place, in said county, until after the expiration of his license, which was taken out on or about the 26th day of January, 1868, and which was to run for twelve months," and upon the further pledge, that said defendant would not open, or expose to market in said town of Spring-place, any one of said articles of merchandize, for the time above stated, and that he agreed and bound himself to use all his influence in behalf of plaintiff. The declaration also alleges, that the defendant, fraudulently and with design to injure the plaintiff, has set up, in said town of Spring-place, a grocery, consisting of the same articles of merchandize of those sold and billed to plaintiff, and is using his influence and sales in opposition to plaintiff.

We are unable to see why this does not constitute a legal cause of action. While a contract in restraint of trade in general is against the policy of the law and cannot be enforced, we need not cite authorities to sustain the well established rule, that a party may legally bind himself for a valuable consideration, not to conduct a particular trade or business in a particular village, or at a specified place agreed upon by the parties, for a reasonable and definite period of time.

And it is not necessary to enable the party injured, to recover for a breach of such contract, that he should prove that there were stipulated damages, or in other words, that the parties agreed upon a specified sum, as the damage to which plaintiff should be entitled for a breach of the contract by the defendant. The plaintiff in such case is entitled to recover the actual damage which he has sustained. The jury must find the amount, if any, from the evidence submitted upon the trial.

We are equally well satisfied that the position, that the damage in such case is too remote to justify a recovery, is not well founded. If the plaintiff paid an exorbitant price, for the defendant's stock of goods, in consideration of the contract and undertaking, which has been violated by the defendant, he would at least be entitled to recover the difference between the price paid and the actual value of the goods at the time of the trade. But this is not all, he may

recover any other damage, which the jury is satisfied from the evidence has been in fact sustained by him, by reason of the failure of the defendant to comply with the contract on his part.

Let the judgment be reversed and the case reinstated.