### Nelson v. Woods et al.

Candler, Justice. On November 25, 1947, J. C. Barger, the seller of a Krispy Kreme Do-Nut Business, and Mrs. D. B. Nelson, an employee in such business, entered into a written contract with Margaret M. Woods and C. L. Woods, the purchasers, in which they agreed, for a stated cash consideration of $10, not to directly or indirectly enter into any competitive "do-nut" business with the purchasers in Chatham County, Georgia, for a period of five years, not to divulge the formula or receipt used in baking Krispy Kreme Do-Nuts. The purchasers charged in their petition for injunction that Mrs. D. B. Nelson had violated the terms of the contract by engaging in a competitive business in Chatham County. By her answer, Mrs. Nelson denied that she

had violated or was violating the contract; and further alleged that she received no consideration for the contract, and that it was therefore not binding upon her. On the interlocutory hearing, the evidence showed that the consideration was never in fact paid to Mrs. Nelson, but that as a part of the consideration for the sale of the business, she agreed to continue, and in fact did continue in the employment of the purchasers for a period of five months. The trial judge granted the temporary injunction, and the exception is to that judgment. *Held:*

1. Contracts in general restraint of trade are void. Code, § 20-504. A contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory, and otherwise reasonable, is not void. *Hood* v. *Legg,* 160 *Ga.* 620, 627 (128 S. E. 891); *Strauss* v. *Phillips,* 180 *Ga.* 641 (180 S. E. 123); *Kutash* v. *Gluckman,* 193 *Ga.* 805 (20 S. E. 2d, 128); *Black* v. *Horowitz,* 203 *Ga.* 294 (46 S E. 2d, 346).

2. The fact that a recited cash consideration of a contract was not actually paid does not invalidate such contract. It creates an obligation to pay that sum, which can be enforced by the other party. *Southern Bell Tel. and Tel. Co.* v. *Harris,* 117 *Ga.* 1001 (2) (44 S. E. 885); *Mattox* v. *West,* 194 *Ga.* 310, 315 (21 S. E. 2d, 428).

3. Under the evidence introduced at the interlocutory hearing, the trial judge was authorized to find that, as an additional consideration for the contract sought to be enforced, Mrs. Nelson agreed to continue, and in fact did continue in the employment of the purchaser of the "do-nut" business for a period of five months. See, in this connection, *National Linen Service Corp.* v. *Clower,* 179 *Ga.* 136, 144 (175 S. E. 460). There being no other attack upon the validity of the contract, the trial judge was authorized to find that the defendant· was violating its terms by engaging in a competitive business, and did not abuse his discretion in granting the temporary injunction.

*Judgment affirmed. All the·Justices concur.*

No. 16528. APRIL 11, 1949. REHEARING DENIED MAY 12, 1949.

*Gilbert E. Johnson,* for plaintiff in error.
*Edward A. Dutton* and *Shelby Myrick,* contra.