18944. BREED *v.* NATIONAL CREDIT ASSOCIATION, INC.

ARGUED MAY 10, 1955—DECIDED JUNE 13, 1955.

*Stonewall H. Dyer, Jack P. Turner,* for plaintiff in error.
*Paul Webb, Jr., Bertram S. Boley,* contra.

ALMAND, Justice.  The judgment under review is one overruling general demurrers to an equitable petition and granting an interlocutory injunction.  National Credit Association, Inc., hereinafter referred to as the plaintiff, brought its equitable petition against Harry M. Breed, and alleged in substance that it was engaged in the business of collecting delinquent accounts for professional and commercial clients in Fulton, DeKalb, Clayton and Cobb Counties, Georgia.  That its collection technique was unique, as the result of many years' research.  That it had developed and maintained a list of clients and prospective clients, who are called upon by its salesmen to secure new business.  That on May 29, 1952, the defendant entered into a contract of employment with the plaintiff, whereby he was employed as a salesman, and this contract was superseded by another contract on November 14, 1952, whereby he became sales manager and chief salesman for the plaintiff's entire business, and continued in the

plaintiff's employ until December 31, 1954, at which time he terminated his employment pursuant to notice given in accordance with the terms of the contract of November 14, 1952. During said period of employment, he acquired an intimate knowledge of the plaintiff's business, and had contact with all of the plaintiff's clients. A copy of the contract of November 14, 1952, signed by both parties, was attached to the petition, and provided in substance that for a consideration of $1 and his employment by the plaintiff, the defendant agreed that the plaintiff had the use and benefit of a large amount of valuable collection agency information, and in working for the plaintiff the defendant would become familiar with this research information, forms, etc., and agreed to help the plaintiff protect this special research information and prevent it from getting into the hands of competitors and others, and agreed that while employed by the plaintiff and for three years after termination of his employment not to engage directly or indirectly, either for himself or for any other person, firm or corporation in collection agency work in Fulton, DeKalb, Clayton and Cobb Counties, and during such period not to furnish, directly or indirectly, any collection-agency information or data about the plaintiff's services and operations to competitors. It was agreed that either party could terminate the employment contract on one week's notice to the other. It was alleged that the defendant and two others on January 7, 1955, organized and secured a charter for a corporation known as Credit Service Corporation, "with the avowed purpose of conducting the same kind of business and in the same territory as is served by the plaintiff," a copy of which charter was attached to the petition. It was alleged that the defendant has continuously since January 15, 1955, been a stockholder in and employed by said Credit Service Corporation, and in violation of his contract with the plaintiff has been soliciting the plaintiff's clients and taking said clients and contracting with them to turn their collection work over to the new corporation. It was specifically alleged that certain named individuals had been solicited by the defendant for the purpose of having them turn their accounts over to the new corporation. It was prayed that the defendant be restrained and enjoined from breaching and violating the provisions of his contract.

The defendant filed general demurrers to the petition, in which he attacked the contract of November 14, 1952, as being void and unenforceable because (a) it lacked mutuality "and is a nudum pactum for the reason that no obligation arises upon the plaintiff thereunder to employ the defendant for any definite wage or compensation, for the performance of any particular duties, at any particular place or places;" and (b) the contract was too vague, indefinite and uncertain as to the period of employment, the nature and character of the services to be performed by the defendant, and the place of employment or the amount of compensation to be received by the defendant, to be enforceable.

After hearing evidence, the trial judge overruled the demurrers and granted an interlocutory injunction as prayed.

■ The main and controlling question in this case is whether or not the contract of November 14, 1952, is a valid contract and enforceable in equity.

This contract, whereby the defendant agreed not to engage in business similar to that of the plaintiff directly or indirectly for a period of 3 years in certain named counties in which the plaintiff was doing business, is not unreasonable as being in restraint of trade. We have recognized and upheld such restrictive agreements, the contract being otherwise legal. *National Linen Service Corp.* v. *Clower*, 179 *Ga.* 136 (3) (175 S. E. 460). Equity will not refuse to enforce the restrictive covenant unless there be such gross inadequacy of consideration as to shock the conscience and amount in itself to evidence of fraud, or be void for some other reason. *Jenkins* v. *Temples*, 39 *Ga.* 655 (99 Am. D. 482); *Rakestraw* v. *Lanier*, 104 *Ga.* 188 (30 S. E. 735, 69 Am. St. R. 154); *Shirk* v. *Loftis Bros. & Co.*, 148 *Ga.* 500 (97 S. E. 66).

It is insisted in this case that the contract is not enforceable, for the reason that it is lacking in mutuality, because the plaintiff did not assume any obligation to employ the defendant for any definite wage or compensation, or for the performance of any particular duties in any particular place or places, and was too vague, indefinite and uncertain as to these matters to constitute a binding contract of employment. Bearing in mind that we are passing upon general demurrers to the petition, and that the contract was ancillary to an existing employment, we are of the

opinion that the petition is not subject to these objections. It is alleged that at the time the written contract was entered into the defendant was in the employ of the plaintiff as a salesman, at which time the plaintiff was engaged in the business of collecting delinquent accounts for professional and commercial clients in four named counties, and under the written contract, reciting a consideration of $1 and the employment of the defendant, he, the defendant, became sales manager and chief salesman for the plaintiff's entire business, and continued in the employ of the plaintiff from the date of this contract until he voluntarily left the employment on December 31, 1954. Though it is true that neither the allegations of the petition nor the contract itself disclose what salary or wages the defendant was to receive, or show the specific details of his work, and fail to show that the plaintiff obligated itself to employ the defendant for any particular time, and therefore the written contract in itself lacked mutual obligations on the part of both the parties, the allegations of the petition do disclose that the defendant continued in the employ of the plaintiff, as sales manager and chief salesman for its entire business, for more than 2 years. Performance by the parties supplied mutuality and sufficient consideration to vitalize the ancillary agreement of the defendant into an enforceable contract. "The test of mutuality is to be applied as of the time the contract is to be enforced; and if the promisee accomplishes the object contemplated, then the promise is rendered valid and binding." *Hall* v. *Wingate*, 159 *Ga.* 630, 652 (126 S. E. 796). "Though a promise may be a nudum pactum when made, because the promisee is not bound, it becomes binding when he subsequently furnishes the consideration contemplated, by doing what he was expected to do." *Brown* v. *Bowman*, 119 *Ga.* 153 (1) (46 S. E. 410). See also *Hardin* v. *Case*, 134 *Ga.* 813 (2b) (68 S. E. 648); *Robson* v. *Weil*, 142 *Ga.* 429 (1) (83 S. E. 207); *Douglas* v. *Austin-Western Road Machinery Co.*, 180 *Ga.* 29, 32 (1) (177 S. E. 912). Though the agreement recited a monetary consideration of only $1, it also recited as a consideration the employment of the defendant by the plaintiff. The exact measure of the consideration the court cannot undertake to make, and there is nothing in the record in this case which shows such gross inadequacy of consideration as to shock the conscience and amount in

itself to evidence of fraud. *Rakestraw* v. *Lanier,* 104 *Ga.* 188, and *Shirk* v. *Loftis Bros. & Co.,* 148 *Ga.* 500, both supra.

We are of the opinion that the ruling here made is amply supported by *Griffin* v. *Vandegriff,* 205 *Ga.* 288 (53 S. E. 2d 345), and *Nelson* v. *Woods,* 205 *Ga.* 295 (53 S. E. 2d 227). In the *Griffin* case, which was an equitable action to enforce a restrictive covenant made by the employee, whereby he was employed by the plaintiff to call for and deliver laundry, the contract called for compensation of "a percentage of all monies collected in his territory, the amount to be agreed upon," and contained a clause whereby the employee agreed for a limited time and in a limited territory not to engage directly or indirectly in a similar business. This court sustained the overruling of a general demurrer filed to the petition. It was there contended that the contract was unenforceable because lacking in mutuality of obligations. In reply to this contention, this court held that there having been a performance of the contract of employment, "its performance is sufficient to make definite the compensation payable for the services rendered, although the contract itself was indefinite in this respect, and such performance is likewise a sufficient consideration to support the ancillary restrictive agreement here sued upon" (p. 295), and that the contract was not without consideration. In the *Nelson* case, the owner of a described business and his employee entered into a written contract with the purchaser of the business, whereby for a cash consideration of $10 the employee agreed not to directly or indirectly enter into any competitive business of the purchaser for a limited time and in one county. In an action by the purchaser to enjoin the employee from engaging in a competitive business in the specified county, the grant of an interlocutory injunction was upheld. It there appeared that the employee continued to work for the purchaser for a period of 5 months, and it was held that, under the evidence, the judge was authorized to find that as additional consideration for the contract sought to be enforced, the employee had agreed to continue in the employ of the purchaser, such agreement was sufficient consideration to make the contract enforceable.

The case of *Weill* v. *Brown,* 197 *Ga.* 328 (29 S. E. 2d 54), relied on by the defendant, involved a factual situation different

from the instant case, and does not require a contrary ruling. That case involved a contract of employment containing a restrictive agreement on the part of the employee not to engage in a competitive business. It was not ancillary to an existing contract of employment. The contract there was for the employment for an indefinite period and did not contain any description of the work to be done by the employee, nor specify the wages or salary to be paid, nor recite any consideration other than the employer's agreement to employ the defendant. Though there was a limitation as to the time in which the employee agreed not to engage in a like competitive business, there was no limitation as to territory, but the whole of the United States was covered. This court upheld the judgment of the trial court sustaining the general demurrer to the petition, on the ground that the contract was illegal because (a) it was against public policy; (b) it was not reasonable as to territory; (c) the terms of the contract as to the nature of the work, compensation, etc., were too vague and indefinite, and (d) the contract was lacking in mutuality. This court in its opinion, after reciting the essentials of a valid and binding contract, held that the contract, being indefinite as to the period of service, duties to be performed, place of employment and amount of compensation, was void for indefiniteness. The court distinguished that case from other cases such as *Brown* v. *Bowman*, 119 *Ga.* 153, supra, which involved incomplete contracts which had been made complete by the act of performance, and ruled that the contract under consideration was so indefinite as to make it impossible for the court to determine what, if anything, was agreed upon, rendering it impossible to determine whether there had been performance. Such a situation does not exist in the instant case, because the contract here involved was ancillary to a contract of employment actually in existence, and a continuation thereof by the defendant for more than 2 years.

It was not error for the court to overrule the general demurrers to the petition.

■ Under the evidence, the court was fully authorized to find: that the defendant at the beginning of his employment received $200 per month, and during the last year of his employment he received $3,575.90 for salary, commissions and shares of the profits, under the employment contract which the defendant admitted

he executed; that the defendant, with others, organized a corporation known as Credit Service Corporation, and as an officer and employee was engaged in a similar business to that carried on by the plaintiff; and that he had violated the restrictive provisions of his contract with the plaintiff by soliciting clients of the plaintiff, and by other acts in violation of his agreement. There was no error in granting an interlocutory injunction restraining the defendant from further breaching said contract.

*Judgment affirmed. All the Justices concur.*