20209. ALADDIN, INC., v. KRASNOFF et al.

MOBLEY, Justice. The exception here is to a judgment sustaining a general demurrer to a petition, which sought to enjoin Robert Merrill Krasnoff from violating the restrictive covenants of an employment contract, and Bernard Cristal from aiding and abetting such violation. The contract provided that the employee would not, for a period of two years following the term of his employment with the petitioners, ". . . engage in or take part in any manner in the ownership or operation of a janitor supply or sanitary supply business or of a business selling or repairing steam cleaners, hydraulic jacks or similar equipment, such restriction to apply in the territory assigned to second party in Paragraph 3 of this agreement," to wit: " . . . accounts in Greater Atlanta, Georgia, as assigned to second party from time to time"; and would not, ". . . during the continuance of this agreement or after its termination, disclose to any person, firm or corporation any portion or all of the names and/or addresses of present and past customers and potential customers of first party [plaintiff] without the prior written consent of first party." Held:

520

1. While contracts in general restraint of trade are void (Code § 20-504), a contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and place is not void. *Black* v. *Horowitz*, 203 *Ga.* 294 (1) (46 S. E. 2d 346), and cases cited. Unquestionably, the restraint as to entering a competing business for two years is, as to time, reasonable (*Shirk* v. *Loftis Bros. & Co.*, 148 *Ga.* 500, 97 S. E. 66; *Nelson* v. *Woods*, 205 *Ga.* 295, 53 S. E. 2d 227; *Northeast Ga. Artificial Breeders Assn.* v. *Brown*, 209 *Ga.* 547, 74 S. E. 2d 660; *Breed* v. *National Credit Assn.*, 211 *Ga.* 629, 88 S. E. 2d 15); and the limitation as to area, ". . . accounts in Greater Atlanta . . . assigned to . . . party . . . ," is also reasonable, and the restriction is valid and enforceable. *Black* v. *Horowitz*, 203 *Ga.* 294 (2), supra. See also *Kirshbaum* v. *Jones*, 206 *Ga.* 192 (56 S. E. 2d 484), where this court held valid an employment agreement which, without stating an express territorial limitation, restricted the employee for a period of one year from soliciting the employer's customers whom the employee had served during his employment.

2. The second restrictive covenant, regarding the disclosure of the names and addresses of past, present, and potential customers of the plaintiff, is too broad in scope to be considered as a mere reasonable and partial restraint of trade. It is unlimited as to either time or territory, and seeks to include all of the employer's past, present, and potential customers. Conceivably, this would include all of the plaintiff's customers from the time of its incorporation to that time in the unforeseeable future when it shall cease to do business. This covenant is an attempt at general restraint of trade and, as such, is unenforceable.

3. Where, as here, the two restrictive covenants are divisible, the first, which is valid, may be enforced even though the second is invalid. *Hood* v. *Legg*, 160 *Ga.* 620 (4) (128 S. E. 891); *Kessler* v. *Puritan Chemical Co.*, 213 *Ga.* 845 (102 S. E. 2d 495). The petition stated a cause of action as to the first covenant, that the employee would not enter a described type of business for a two-year period within a defined territory; and, this being true, it also stated a cause of action against the defendant Bernard Cristal, who, it was alleged, had knowledge of such restrictive covenants and was aiding and abetting the defendant Krasnoff in such violation. *Luke* v.

*DuPree*, 158 *Ga.* 590 (124 S. E. 13); *National Linen Service Corp.* v. *Clower*, 179 *Ga.* 136 (175 S. E. 460); *Kirshbaum* v. *Jones*, 206 *Ga.* 192, supra. Accordingly, the trial court erred in sustaining the general demurrer to the petition and in denying the temporary restraining order. See *Sirota* v. *Kay Homes*, 208 *Ga.* 113 (1) (65 S. E. 2d 597); *Washington Nat. Ins. Co.* v. *Mayor &c. of Savannah*, 196 *Ga.* 126 (1) (26 S. E. 2d 359).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Wyatt, P. J., who dissent.*

ARGUED SEPTEMBER 10, 1958—DECIDED OCTOBER 10, 1958—
REHEARING DENIED NOVEMBER 7, 1958.

*Bird & Howell, Robert L. Foreman, Jr.,* for plaintiff in error.
*Samuel L. Eplan,* contra.

WYATT, Presiding Justice. I dissent for the reason I do not know what the Greater Atlanta area is.