20264. HABIF *v.* MASLIA *et al.*

SUBMITTED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959—REHEARING DENIED FEBRUARY 6, 1959.

656

*Samuel L. Eplan, Charlie Franco,* for plaintiff in error.
*David Gershon, R. Monroe Schwartz,* contra.

MOBLEY, Justice. Although contracts in general restraint of trade are void (Code § 20-504), where, as here, the restrictive covenant of the partnership agreement concerns a useful and lawful business, is only in partial restraint of trade, and is reasonably limited as to time and place, it is valid and enforceable. *Aladdin, Inc.,* v. *Krasnoff,* 214 *Ga.* 519 (105 S. E. 2d 730), and cases cited.

The issue presented is whether the restrictive covenant in the

original partnership agreement limiting the defendant Maslia's business operations after dissolution of the partnership was canceled or rendered of no force or effect by the dissolution agreement. In our opinion, it was not. The dissolution agreement, after reciting that the parties were doing business under the firm names "Motor Exchange Service" and "Muffler Service Company" under their partnership agreement, recited further: "Whereas, it is the desire of the parties hereto to finally settle and dissolve the businesses and affairs of the partnership as between these parties . . . " and followed with the terms and conditions of the settlement of the partnership business and affairs. The purpose of the agreement as stated therein was to settle the affairs of the partnership business. It dissolved the partnership, provided that the agreement constituted a full and complete accounting and liquidation of the partnership business, and contained an acknowledgment by each of the parties that he had no further claim or demand of any kind against the other. The construction of the contract is a question of law for the court (Code § 20-701), and the whole contract should be looked to in arriving at the construction of any part. Code § 20-704 (4). Construing the contract in its entirety, we conclude that the acknowledgment by each of the parties that he had no claim or demand of any kind against the other referred to claims or demands arising out of the partnership business. The dissolution agreement simply settled the affairs of the partnership as between the parties. It obviously had no reference to the restrictive covenant of the original partnership agreement. That provision had no bearing on the conduct of the partnership business. It came into effect only upon the dissolution of the partnership. It was not one of the matters to be settled, agreed upon, liquidated, or otherwise dealt with in settling the partnership business. An acknowledgment by the parties that the dissolution agreement constituted a full liquidation and accounting of the partnership business would not encompass this restrictive covenant, it not being any part of said business. Nor would the acknowledgment that each had no further claim or demand upon the other include anything other than those growing out of the partnership business.

The record indicates that the plaintiff Habif and the defendant Maslia jointly purchased the assets and adopted the trade style of Motor Exchange Service, and then entered into a written partnership agreement as to ownership and operation of the business, and that the purpose of the restrictive covenant was to prevent Maslia, upon dissolution of the partnership, from engaging in the same business for a period of three years in the area in which the business was operated; and that, during the operation of the partnership business, they developed a muffler business and a restrictive covenant was placed in the dissolution agreement for the purpose of preventing the plaintiff Habif from competing with the defendant Maslia in the muffler business. With this provision in the dissolution agreement and with the original restrictive covenant in the partnership agreement, each of the parties was restricted from engaging in the business that the other retained upon dissolution of the partnership.

The dissolution agreement did not constitute an accord and satisfaction of, or otherwise nullify, the restrictive covenant in the partnership agreement. The trial court erred in overruling the plaintiff's general demurrer to the answers.

Since there was no issue as to the facts and since the denial of the interlocutory injunction was based upon an erroneous interpretation of the law as to the effect of the partnership dissolution agreement, the judgment denying the interlocutory injunction was erroneous. *Ballard* v. *Waites*, 194 *Ga.* 427, 429 (21 S. E. 2d 848), and cases cited.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the restrictive covenant is a nudum pactum without consideration, and for the further reason that the parties in the partnership-dissolution agreement settled all the affairs of said business between them and thus canceled and satisfied the original agreement.