20285.   TURNER *et al. v.* ROBINSON *et al.*

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 9, 1959—
REHEARING DENIED MARCH 6, 1959.

*Gambrell, Harlan, Russell, Moye & Richardson, Charles A. Moye, Jr., James C. Hill, Harold N. Hill, Jr.,* for plaintiffs in error.

*Edward E. Carter, William R. Harp,* contra.

MOBLEY, Justice. ■ While contracts in general restraint of trade are void (Code § 20-504), a contract concerning a useful and lawful business in partial restraint of trade and reasonably limited as to time and place, and not otherwise unreasonable is not void. *Black* v. *Horowitz*, 203 *Ga.* 294 (1) (46 S. E. 2d 346), and cases cited. See also *National Linen Service Corp.* v. *Clower*, 179 *Ga.* 136, 145 (175 S. E. 460), and *Shirk* v. *Loftis Bros. & Co.*, 148 *Ga.* 500 (97 S. E. 66). The restraint as to time in this case, two years, is unquestionably reasonable. *Aladdin, Inc.* v. *Krasnoff*, 214 *Ga.* 519 (105 S. E. 2d 730), and cases cited.

■ In determining the question as to reasonableness of territorial limitation, ". . . the court will consider the nature and extent of the trade or business, the situation of the parties, and all the other circumstances . . . all such contracts are void, if considered only in the abstract, and without reference to the situation or objects of the parties, or other circumstances under or with reference to which they were made. . . But if, considered with reference to the situation, business, and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid." *Rakestraw* v. *Lanier*, 104 *Ga.* 188, 195 (30 S. E. 735, 69 Am. St. Rep. 154). See also *Hood* v. *Legg*, 160 *Ga.* 620, 625 (128 S. E. 891), and *Orkin Exterminating Co. of South Ga.* v. *Dewberry*, 204 *Ga.* 794, 803 (51 S. E. 2d 669).

It is clear that the territorial limitation fixed by the contract is the specific territory assigned to him within two years before termination of his employment; and at the time of his employment, the territory was defined in the contract as the "Dixie Division," consisting of the states of Alabama, Georgia, Florida, North Carolina, and South Carolina. The contract provided that this territory could be changed at any time. There was no change in the defendant's territory during his employment.

At the time of his employment, the defendant was living in Texas and had had no prior experience in the tunneling or boring business. The "Dixie Division" of the company was then in existence with headquarters in Birmingham, Alabama. He moved there and later to Decatur, Georgia, where for three years he was the alter ego of the company in the five states. To the trade, he was the company in his territory, personally conducting its business with all customers and potential customers throughout his territory. At the company's expense, he traveled his territory, becoming personally acquainted with contractors, public utilities, and other customers and prospective customers, submitting bids on jobs and performing other duties for the company. The evidence demands the conclusion that the business acquired by the company in this territory depended largely upon the establishment by the defendant of close personal contacts and the confidence and friendship of those requiring tunneling or boring work to be done. He did all this at the expense of the company.

The defendant admits that he is now competing with the company in this territory, that he has secured work when he was not the low bidder because of personal friendship established while in the employ of and in pursuance of his work with the company. He admits that he entered the contract understanding fully its terms.

It is undenied that the five states composing the "Dixie Division" of the company are a reasonably sized territory, because the tunneling and boring work is limited and is scattered over a wide area, and this much territory is required for profitable operations.

The company has done jobs in all five states since the estab-

lishment of the Dixie Division. The defendant worked all five states, submitted bids on jobs in each, and secured jobs in all except the state of Florida.

The facts and surrounding circumstances in this case clearly establish that the limitation as to territory was reasonably necessary to protect the interests of the plaintiffs; that the defendant voluntarily and with knowledge of its provisions entered into the contract and allowed the plaintiffs to expend large sums of money building up the defendant in this territory as their representative; and that for him now to engage in a competing business will work great harm to the plaintiffs. The interests of the public will not be unduly prejudiced, as the evidence discloses keen competition in this field in this territory. The limitation as to territory is valid.

The facts material to the decision of this case are not in dispute. The contract is valid, and the evidence is uncontradicted that the defendant is violating it. The trial judge, accordingly, erred in denying the interlocutory injunction as prayed against the defendant Robinson. *Ballard* v. *Waites,* 194 *Ga.* 427, 429 (21 S .E. 2d 848) ; *Habif* v. *Maslia,* 214 *Ga.* 654 (106 S .E. 2d 905).

■ The petition alleged that "The defendant Robinson Tunneling Co., Inc., by and through its president and employee, had knowledge of the above-quoted provision of the employment contract, and even so, wilfully caused, aided and abetted Dan W. Robinson to breach his contract with petitioners"; and also alleged that the defendants were violating the terms of the restrictive covenant in the contract. However, the only evidence as to the defendant corporation is that elicited from the defendant Robinson, to wit: "I am the stockholder and president of Robinson Tunneling Company. I organized that as a corporation. I was granted charter the thirtieth day of June. I obtained my charter the last day of June, and before that I worked for Boring and Tunneling Company of America until, I believe, the fifteenth of June." This is not sufficient to establish a case for the plaintiffs against the defendant corporation. There is no evidence that the corporation has done anything; that it has aided and abetted the defendant Robinson in violating the contract as charged; or that Robinson, acting as president or agent

of the corporation, has violated the contract. See *Kessler* v. *Puritan Chemical Co.*, 213 *Ga.* 845 (2) (102 S. E. 2d 495). The trial judge did not err in denying an interlocutory injunction as to the defendant corporation, Robinson Tunneling Company, Inc.

*Judgment reversed in part and affirmed in part. All the Justices concur.*