## 20401. THOMAS *v.* COASTAL INDUSTRIAL SERVICES, INC.

MOBLEY, Justice. The exception is to the judgment of the Superior Court of Chatham County overruling the general demurrer to the petition of Coastal Industrial Services, Inc., and to the granting of a temporary injunction against the defendant. The petitioner sought to enjoin the defendant from violating the terms of a contract of employment, in which the defendant agreed that, during his employment and for a year after its termination, he would not solicit business or patronage of the kind he had performed for the petitioner from any person whomsoever in 34 named Georgia counties and 12 named South Carolina counties. The court enjoined the defendant from doing such business in 31 of the 34 Georgia counties named in the contract. *Held:*

1. "Though a promise may be nudum pactum when made, because the promisee is not bound, it becomes binding when he subsequently furnishes the consideration contemplated, by doing what he was expected to do." *Brown* v. *Bowman,* 119 *Ga.* 153 (1) (46 S. E. 410). Even though the agreement does not disclose what salary the defendant was to be paid or the length of time he was to be employed by the plaintiff, and despite the fact that the defendant was already employed by the plaintiff at the time the agreement was entered into, mutuality and sufficient consideration to vitalize the ancillary agreement were supplied by performance under the agreement. *Breed* v. *National Credit Assn.,* 211 *Ga.* 629, 632 (88 S. E. 2d 15). Accordingly, the covenant sued upon was not void for lack of consideration; and the trial court properly overruled the demurrers.

2. Although contracts in general restraint of trade are void as being contrary to public policy (Code § 20-504), "a contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory is not void." *Black* v. *Horowitz,* 203 *Ga.* 294 (1) (46 S. E. 2d 346). Unquestionably, under many rulings of this court, the time limitation of one year in this case is reasonable. *Griffin* v. *Vandegriff,* 205 *Ga.* 288, 295 (53 S. E. 2d 345). Reasonableness as to territory depends, not so much on the geographical size of the territory, as on the reasonableness of the territorial restriction in view of the facts and circumstances of the case.

*Rakestraw* v. *Lanier,* 104 *Ga.* 188, 195 (30 S. E. 735, 69 Am. St. Rep. 154). ". . . as a matter of law, such a contract is to be upheld, if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public." P. 194. The evidence showed that the plaintiff company did business in only 31 of the 34 named Georgia counties, and that it did no business in the South Carolina counties included in the territory in which the defendant was restricted from working and had no intention of doing so. The plaintiff company is engaged in the business of renting uniforms, wiping cloths, etc., to service stations, garages, and similar businesses located on routes out of Savannah. During his employment by the plaintiff company, the defendant serviced these routes as a driver-supervisor, one of his duties being to solicit customers for the plaintiff company. The defendant serviced routes in 31 of the 34 Georgia counties set out in the restrictive covenant; and it was in these 31 counties that the trial court enjoined the defendant from competing with the plaintiff corporation. We are of the opinion that this case comes squarely within the case of *Orkin Exterminating Co.* v. *Dewberry,* 204 *Ga.* 794 (51 S. E. 2d 669); that this case is controlled by that decision; and that the restrictive covenant is void and unenforceable. In the *Orkin* case, the plaintiff sought to enjoin the defendant from violating the terms of a restrictive covenant ancillary to a contract of employment, which provided that, for a period of one year following the termination of employment, the employee should not engage in the exterminating business in Macon, Dublin, Milledgeville, Perry, Jeffersonville, Forsyth, and Barnesville, or at any place within a 75-mile radius of any of those towns. The evidence showed that the plaintiff corporation did not operate in all the towns or the adjacent territory, but that it intended to expand its operations into all the area covered by the restrictive covenant when business conditions rendered the time opportune for such expansion. The trial judge temporarily restrained the defendant from calling on customers of the plaintiff company in Bibb County, Dublin, Barnesville, Forsyth, McRae, and Reynolds, in which places the defendant had worked while in the plaintiff company's employ, but which constituted only a portion of the restricted territory. This

court held that the trial court erred in granting the injunction. In reversing the lower court, it was stated: "In the protection of the employer against the possibility of a former employee's contacting its customers, it is not reasonably necessary that he should be prohibited from working in a territory where the employer has never had customers. Certainly, the inclusion of such territory in a restrictive covenant is broader than reasonably necessary to protect the employer where there is no anticipation of immediately extending the company's business into the prohibited territory, but the anticipation is nothing more than a hope, based upon contingencies, which may or may not occur. Whatever may be the rule with regard to contracts of sale, it is our opinion in view of the repeated rulings, that employment contracts require more limited restraints, that such a broad territorial limitation unduly restricts the employee without any reasonable necessity therefor." *Orkin Exterminating Co.* v. *Dewberry,* 204 *Ga.* 794, 807, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*J. Walter Cowart, Thomas Delano Maurice,* for plaintiff in error.

*Corish, Alexander & Shea,* contra.