**W. L. EUBANKS, Jr., et al., Appellants,**

v.

**PURITAN CHEMICAL COMPANY, Appellee.**

No. 13800.

Court of Civil Appeals of Texas.

Houston.

Jan. 4, 1962.

Rehearing Denied Jan. 25, 1962.

Warren P. Cunningham, Jr., Houston, for appellants.

Bernard Kay, Shapiro, Corman & Goldfaden, Houston, for appellee.

COLEMAN, Justice.

Puritan Chemical Company, appellee, sued W. L. Eubanks, Jr. and Kemco Chemical Company, a corporation, appellants, for a permanent injunction restraining the violation of covenants against competition contained in a contract of employment between Eubanks and appellee. After trial before the court without a jury, a permanent injunction was issued and this appeal resulted.

The principal question raised by appellant Eubanks is his contention that the covenant against competition was not reasonable in that the area in which competition was forbidden was too extensive.

Eubanks was employed by appellee in the dual capacities of salesman and district sales manager. The general territory over which he served as sales manager comprised some 89 counties in Texas and eleven parishes in Louisiana. In some of these counties and parishes appellee had no sales representatives and no accounts. The sales territory in which Eubanks was authorized to act as salesman was confined to the counties of Galveston, Brazoria, Fort Bend, Matagorda, Wharton and Harris. While at various times Eubanks had salesmen working under his supervision, the bulk of the sales were made by him in his sales territory.

The parties are in agreement that this contract should be construed under and be governed by the law of the State of Georgia because of a contract provision to that effect, and have filed proper requests with the trial court that it take judicial notice of the applicable Georgia court decisions and law. The contract further provides:

"VIII. B. Therefore, in consideration of the premises and for one dollar ($1.00), cash in hand paid, receipt of which is hereby acknowledged, and the SECOND PARTY'S employment under the terms of this agreement, the SECOND PARTY does expressly covenant and agree that during the term of his employment under this contract and for a period of three (3) years immediately following the expiration or termination of such employment:

"1. He will not within said time, for himself or on behalf of any other person, persons, partnership or corporation, solicit orders for sanitary and maintenance chemicals, supplies and equipment, for distribution to governmental, institutional, industrial and commercial consumers within the territory hereinafter defined.

"2. He will not within said time in any way, directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, partnership or corporation solicit, divert or take away any of the customers or patronage of PURITAN'S business hereinabove described within the territory hereinafter defined.

"3. He will not within said time, directly or indirectly, for himself or on behalf of others, engage in the business, or any phase thereof, of developing, manufacturing and purchasing sanitary and maintenance chemicals, supplies and equipment, and marketing such products to governmental, institutional, industrial and commercial consumers within the territory hereinafter defined."

Appellant Eubanks resigned his employment with Puritan and admitted that subsequently he violated the covenants against competition by soliciting former customers of Puritan and by establishing and engaging in a business in competition with Puritan in the territory defined in the employment contract.

Paragraph IV. A. set out by name the Texas counties and Louisiana parishes con-

tained in the general territory. Paragraph IV. B. set out by name the counties contained in the sales territory. The contract also contained the following provisions:

"VIII. C. The territory referred to in this section shall include:

"1. All of the territory set forth in Paragraph IV–B of this contract.

"2. All of the territory set forth in Paragraph IV–A of this contract.

"3. Any territory which is hereafter assigned to the SECOND PARTY by written contractual change or designation.

"4. Any territory not presently assigned to the SECOND PARTY, but which was assigned as his territory under any prior contract of employment with PURITAN.

"5. Any territory to which the SECOND PARTY is transferred by mutual consent of the parties whether or not such agreement is evidenced in writing.

"D. Notwithstanding anything herein to the contrary, the restrictive covenants set forth in this section shall not be deemed to apply to any area for a period of more than three (3) years from the date on which such area ceased to be a part of the territories assigned to the SECOND PARTY.

"E. Each restrictive covenant hereinabove set forth is separate and distinct of every other restrictive covenant set forth in this section, and in the event of the invalidity of any such covenant the remaining obligations shall be deemed independent and divisible. The parties agree that the inclusion of all the territories hereinabove set forth is reasonable and is necessary for the protection of PURITAN. If, however, the inclusion of all of said territories should be deemed too extensive and therefore unreasonable, each numbered paragraph under Paragraph

VIII–C above shall be considered as separate and divisible, and to the extent necessary to make the territory reasonable, shall be eliminated in the inverse order from which each is stated."

The injunction issued by the trial court was confined in its application to the counties named in the contract in paragraph IV. B.

The tests to be applied in determining the validity of such contracts were determined by the Supreme Court of Georgia in Rakestraw v. Lanier, 104 Ga. 188, 30 S.E. 735, where the Court said:

" * * * But if, considered with reference to the situation, business, and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid. The true test, therefore, of the validity of such a contract, is whether it is supported by a sufficient consideration, and whether the restraint is reasonable."

This case has been quoted from or cited by the Supreme Court of Georgia in an unbroken line of cases. Hood v. Legg, 160 Ga. 620, 128 S.E. 891; Orkin Exterminating Company v. Dewberry, 204 Ga. 784, 51 S.E.2d 669; Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648; Wake Broadcasters, Inc. v. Crawford, 215 Ga. 862, 114 S.E.2d 26.

■ Whether or not a particular restraint is unreasonable is a question of law for the court. Hood v. Legg, supra. The principal factors to be considered in determining the reasonableness of a territorial restraint are set out in Orkin Exterminating Co. v. Dewberry, supra, where the Court states:

"In any event, it covers territory in which the employer has never engaged in business; and the territorial scope of such a contract is not made more reasonable by the fact that the employer entertains the hope that some day its business may extend to every city within the State. Such a contract is 'unreasonable,—not necessary for the protection of the party in whose favor the restraint was imposed, oppressive to the party restrained, and opposed to the interests of the public'. Rakestraw v. Lanier, supra [104 Ga. 188, 30 S.E. 741]. Accordingly, it is contrary to public policy and void."

■ The territorial limits in which appellants were restrained from competing with appellee by the trial court are clearly reasonable under the decisions of the Supreme Court of Georgia. Black v. Horowitz, 203 Ga. 294, 46 S.E.2d 346; Aladdin, Inc. v. Krasnoff, 214 Ga. 519, 105 S.E.2d 730; Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648.

■ Appellants say that since the contract is indivisible and that since other territories were described in paragraph VIII. C., 2, 3, 4 and 5, the prohibition against competition unduly restricted Eubanks without necessity and rendered the contract void. Such cases by the Supreme Court of Georgia as Thomas v. Coastal Industrial Services, Inc., 214 Ga. 832, 108 S.E.2d 328, Wake Broadcasters, Inc. v. Crawford, 215 Ga. 862, 114 S.E.2d 26, and Orkin Exterminating Co. v. Newberry, 204 Ga. 784, 51 S.E.2d 669, lend support to this contention. Appellants contend that this Court should not, under the guise of interpretation, write a new contract for the parties.

The contract provides that the various territorial provisions should be independent and divisible. The Supreme Court of Georgia has enforced contracts restraining competition, even though one or more provisions were unreasonable, where a divisible provision of the contract, which was reasonable, prohibited the conduct restrained.

Hood v. Legg, 160 Ga. 620, 128 S.E. 891; Aladdin, Inc. v. Krasnoff, 214 Ga. 519, 105 S.E.2d 730. To sustain the action of the trial court in this case it is not necessary to rewrite the contract, but merely to apply an unambiguous provision of the contract. 13 Tex.Jur.2d § 213; Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668, writ ref.

■ The trial court also enjoined Kemco Chemical Company, Inc. This corporation was not a party to the contract. However, the trial court found, on sufficient evidence:

## "XIV.

"That on July 1, 1960, being a date after suit against Defendant, W. L. Eubanks, Jr. for temporary and permanent injunction had been filed, Kemco Chemical Company, a corporation, was incorporated to engage in a business contemplated to compete with the business of Plaintiff. That Defendant, W. L. Eubanks, Jr. was instigator of the corporation and was one of the original incorporators, first President and a Director and the Registered Agent of the said corporation. That the abortive attempt by Defendant, W. L. Eubanks, Jr. to transfer his interest and equity in the corporate business to his wife was predicated upon a note in amount of $1045.76 executed by Mrs. Eubanks to Defendant, W. L. Eubanks, Jr., her husband. Mrs. Eubanks had never had her disabilities of coverature removed.

## "XVI.

"That Defendant, W. L. Eubanks, Jr. did transfer and make available to said Defendant corporation all of the trade secrets and confidential information and date peculiar to Plaintiff's business which he had theretofore acquired, and that the Defendant, Kemco Chemical Company, a corporation, at time of trial on permanent injunction did engage and was engaging and competing with Plaintiff in the sanitary and maintenance supply and equipment

business as defined and described in said restrictive covenants.

## "XVIII.

"That Defendant, W. L. Eubanks, Jr. did in fact manage and control said Defendant corporation at all times pertinent hereto.

## "XIX.

"That Defendant, Kemco Chemical Company, a corporation, is and was at all times pertinent to this suit, the alter ego of the Defendant, W. L. Eubanks, Jr. and that the Defendant, W. L. Eubanks, Jr. continued at all times pertinent hereto to do business and engage in activities in the name of said Defendant corporation in violation of the restrictive covenants aforesaid.

## "XX.

"Defendant, Kemco Chemical Company, a corporation, with knowledge and notice of said restrictive covenants contained in said contract, by and through its officers and directors, is aiding and abetting and did so aid and abet Defendant, W. L. Eubanks, Jr. in violating said restrictive covenants.

## "XXI.

"That Defendant, Kemco Chemical Company, a corporation, is using and did use up to time of trial Plaintiff's trade secrets and other confidential business methods and information received from Defendant, Eubanks, Jr. in the operation of its sanitary and maintenance chemicals and supplies business."

The Supreme Court of Georgia has held in a case where a corporation was not a party to the contract that it was error to enjoin the corporation where there was no evidence that the corporation was aiding or abetting such an employee. Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648.

From a casual reading of the opinion, Puritan Chemical Company v. Crown Chemical Company, 214 Ga. 296, 104 S.E. 2d 457, would seem to be direct authority for appellants' position, but on careful consideration it appears that after the court had held in the same case, Kessler v. Puritan Chemical Co., 213 Ga. 845, 102 S.E.2d 495, that the plaintiff's pleadings were insufficient, an amended petition was filed which added nothing of significance to the previous pleading. The court then held that their previous decision became the law of the case. The force of the Kessler case is diminished by reason of the fact that the same court, in Aladdin, Inc. v. Krasnoff, 214 Ga. 519, 105 S.E.2d 730, held:

"Where, as here, the two restrictive covenants are divisible, the first, which is valid, may be enforced even though the second is invalid. Hood v. Legg, 160 Ga. 620(4), 128 S.E. 891; Kessler v. Puritan Chemical Co., 213 Ga. 845, 102 S.E.2d 495. The petition stated a cause of action as to the first covenant, that the employee would not enter a described type of business for a two-year period within a defined territory; and, this being true, it also stated a cause of action against the defendant Bernard Cristal, who, it was alleged, had knowledge of such restrictive covenants and was aiding and abetting the defendant Krasnoff in such violation. Luke v. DuPree, 158 Ga. 590, 124 S.E. 13; National Linen Service Corp. v. Clower, 179 Ga. 136, 175 S.E. 460; Kirshbaum v. Jones, 206 Ga. 192, 56 S.E.2d 484."

The appellants have attacked certain of the findings of fact filed by the trial court on the ground that they are conclusions of law. Rule 296, Texas Rules of Civil Procedure, provides that conclusions of law and findings of fact be stated separately. This rule is directory only and a failure to follow the provisions of the rule is not reversible error. Rule 434, T.R.C.P.; McAshan v. Cavitt, 149 Tex. 147, 229 S.W.

2d 1016. The findings attacked contain the court's conclusions on mixed questions of law and fact and may be considered by this Court. Clay v. Richardson, Tex.Civ.App., 290 S.W. 235, error dism.

The final complaint is that certain findings of fact are supported by no evidence. Disregarding the evidence favorable to appellants, and considering only the testimony, together with the implications to be drawn therefrom, supporting the findings of the court, this assignment cannot be sustained.

The judgment of the trial court is affirmed.