25998. TAYLOR PUBLISHING COMPANY v. JONES et al.

UNDERCOFLER, Justice. Edward W. Jones filed suit against Taylor Publishing Company and William H. Baker, Jr., sales representative, for a declaratory judgment of his rights as an associate representative under an employment contract entered into on January 8, 1962, with Taylor. The contract contains the following provision: "the Associate Representative does hereby agree that for a period of two years from such termination he will not directly or indirectly for himself, or as agent of or in behalf of, or in conjunction with any person, firm or corporation, sell or solicit orders for any high school or college year books or other merchandise in

competition with the Taylor Publishing Company within the territorial limits assigned hereunder to the Representative." The territorial limits assigned was the State of Georgia. Subsequent to the date of this contract, the complainant entered into an agreement with William H. Baker, Jr., sales representative, by which he was appointed as a subagent to sell high school and college year books published and printed by the defendant Taylor Publishing Company. This contract also prohibited the complainant from competing with Taylor Publishing Company or Baker for a period of two years within the State of Georgia by selling, soliciting, canvassing, advertising, or in any other manner engaging in activities directly or indirectly in the sale of school year books. This appeal is from the trial court's dismissal of Taylor Publishing Company's application for a preliminary injunction. *Held:*

1. Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court. The restrictions imposed upon the promisor must not be larger than necessary for the protection of the promisee. *Rakestraw v. Lanier*, 104 Ga. 188 (30 SE 735, 69 ASR 154). The contracts here involved prohibit the employee from selling or soliciting orders for any high school or college yearbooks in competition with the employer within the State of Georgia.

In *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 807 (51 SE2d 669), this court quoted with approval from Parish v. Schwartz, 344 Ill. 563 (176 NE 757, 78 ALR 1032), which held: "A contract in restraint of trade is thus total and general, when by it a party binds himself not to carry on his trade or business at all, or not to pursue it within the limits of a particular country or state. . . The effect of the contract . . . would be to deprive the public—the people of the whole state—of the industry and skill [of the employee] in the particular trade or business in which he may be most skillful and useful, and compel him to engage in some other business, or move to another state in order to support himself and family; in other words, to expatriate himself, so far as his citizenship of this state extends, and go beyond our jurisdiction. . . It is against the policy of the state that the people of the whole state should be deprived of the industry and skill of a party in an employment useful

to the public, and he should be compelled either to engage in other business or abandon his citizenship of the state and remove elsewhere in order to support himself and family. . . Within its own sphere the state has a public policy . . . which the courts of the state regard and enforce, distinct from questions of policy affecting the nation at large. The state regulates its internal affairs, supports those who become public charges, and is interested in the industries of its citizens. It is against the policy of the state that its citizens should not have the privilege of pursuing their lawful occupations at some place within its borders, and that a citizen should be compelled to leave the state to engage in his business and to support himself and family. It is true that a contract may be valid which embraces portions of more than one state. Trade and business are not affected by state lines, and a contract might be good in restraint of trade which embraced, within reasonable limits, parts of different states, but an agreement which applies to the whole state is void, and cannot be enforced." To the same effect, see *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731).

Accordingly, we hold that the contract in the instant case which prohibits the employee from pursuing his trade or business in the State of Georgia is "unreasonable, not necessary for the protection of the party in whose favor the restraint was imposed, oppressive to the party restrained, and opposed to the interests of the public." *Rakestraw v. Lanier,* 104 Ga. 188, 202, supra. *Turner v. Robinson,* 214 Ga. 729, 731 (107 SE2d 648), does not require a different result. That holding was based upon the limited and unusual nature of the business involved.

2. In view of the above ruling, it is not necessary to pass on the other enumerations of error.

*Judgment affirmed. All the Justices concur. Mobley, P. J., and Grice, J., concur in the judgment only.*

SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 22, 1970—REHEARING DENIED NOVEMBER 5, 1970.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe, Michael C. Murphy,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Sidney J. Nurkin,* for appellees.

GRICE, Justice, concurring in the judgment only. I do not agree that a contract which prohibits an employee from pursuing his trade or business throughout the State of Georgia is for that reason alone void as being in restraint of trade.

Rather, the outcome in my view should depend upon whether the restriction is necessary for the protection of the employer under the facts of each particular case, and not controlled by an arbitrary rule of state or other geographical limitations. Here, the application for temporary injunction maintained that such protection was necessary. See, in this connection, *Rakestraw v. Lanier*, 104 Ga. 188, 195 (30 SE 735) (one justice absent); *Thomas v. Coastal Industrial Service*, 214 Ga. 832 (108 SE2d 328); *Orkin Exterminating Co. v. Mills*, 218 Ga. 340, 341 (127 SE2d 796); Simpson on Contracts (2d Ed.), pp. 430-433.

Therefore, I do not approve of the holdings in *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 807-808 (51 SE2d 669) and *Artistic Ornamental Iron Co. v. Wilkes*, 213 Ga. 654 (100 SE2d 731). However, since they are full bench decisions they are binding until overruled by seven justices.

I am authorized to state that Presiding Justice Mobley joins me in this special concurrence.