26392. FLORAL HILLS MEMORY GARDENS, INC. v. ROBB.
26393. FLORAL HILLS MEMORY GARDENS, INC. v. CARSON.

ARGUED MARCH 9, 1971—DECIDED APRIL 8, 1971.

*George H. Carley,* for appellant.

*Hugh H. Howell, Jr.,* for appellees.

NICHOLS, Justice. ■ "When a tract of land has been dedicated as a cemetery, it is perpetually devoted to burial of the dead and may not be appropriated to any other purpose." 10 AmJur 491, § 8, quoted approvingly in *Haslerig v. Watson,* 205 Ga. 668, 683 (54 SE2d 413), and again in *City of Atlanta v. Crest Lawn &c. Corp.,* 218 Ga. 497, 502 (128 SE2d 722). The appellant concedes that if the property in question has been dedicated as a cemetery then the judgment of the trial court was proper, but denies that such is the case and contends that only a portion of the property described in parcels 2, 3 and 4 of the deed referred to in the statement of facts has been dedicated for cemetery purposes.

In the description of each "parcel" of land covered by the above deed the land is described as "all that tract or parcel of land." The restriction for cemetery purposes applies to the property described as parcels 2, 3 and 4. The habendum clause refers to "said tract or parcels of land."

The parcels described in the deed as parcels 2, 3 and 4 are all adjoining parcels with common boundaries.

"If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." *Code* § 29-109. "In *Collinsville Granite Co. v. Phillips,* 123 Ga. 830 (11), 841 (51 SE 666), this court quoted approvingly from well known texts as follows: 'If recitals in a deed are inconsistent or repugnant, the first recital does not necessarily prevail over the latter, but the whole language of the deed is to be construed together in order that the true construction may be ascertained. In such a case the court will look into the surrounding facts, and will adopt that construction which is the most definite and certain, and which will carry out the evident intention of the parties.'" *Stewart*

*v. Latimer,* 197 Ga. 735, 743 (30 SE2d 633).

Properly construed the deed in the present case is not inconsistent. "Parcel of land" and "tract of land" are synonyms. Neither has reference to size but each refers to a contiguous quantity of land. See Webster's Third New International Dictionary, 1966, page 1640, "parcel."

In the deed each parcel, when described by metes and bounds is described as "Parcel. . ." by number. Each description then begins "All that tract or parcel of land. . ." The restriction of use to them refers to the "described property" and the habendum clause refers to "said tract or parcels of land." In the habendum clause it is apparent that the grantor was bringing together the separate "tracts" or "parcels" of land. Thus the former separate "tracts" must be considered as one "tract" of land insofar as determining if the property had been dedicated as a cemetery so as to require its use for such purpose perpetually.

The acceptance of the deed from the former owners with the restriction as to the use of such property alone would not constitute such a dedication as would authorize a finding that the property had been perpetually dedicated as a cemetery for the burial of human beings. However, the acceptance of such deed together with the sale of lots and burials in a part of such tract requires such finding by the trial court. Compare *Arlington Cemetery Corp. v. Bindig,* 212 Ga. 698 (95 SE2d 378). Accordingly, since the evidence adduced required a finding that the property had been dedicated as a cemetery for the burial of human beings, the grant of the interlocutory injunction was not error, and under such circumstances it would have been error to fail to grant such relief. Compare *Turner v. Robinson,* 214 Ga. 729, 732 (107 SE2d 648); *Habif v. Maslia,* 214 Ga. 654 (106 SE2d 905), as to the right of the plaintiffs to such relief when the evidence is uncontradicted.

■ The remaining enumerations of error relate to the admission of documentary evidence. "The rules of evidence are not as strictly enforced on interlocutory hearings as on final trials." *S. A. Lynch Corp. v. Stone,* 211 Ga. 516, 521 (87 SE2d 57), and citations. No question is presented as to whether or not such evidence would be admissible upon a final trial and under the holding in the first

division of the opinion the admission of such evidence, if error, would not be cause for a reversal.

*Judgment affirmed. All the Justices concur.*