## 52278. LANDRUM v. PRITCHARD & COMPANY.

McMurray, Judge.

Leslie H. Landrum, a chemical engineer, was hired by J. R. Pritchard & Company in 1964, pursuant to a specific written employment agreement. As a part of the consideration of the employment and for other valuable consideration Landrum agreed to assign and transfer to Pritchard any and all inventions and discoveries pertaining or relating to the business. Landrum also agreed that he would execute all documents necessary to vest Pritchard with title to all such inventions and discoveries. He also agreed that in the event of his termination to transfer and deliver to Pritchard all properties or assets which belong to Pritchard or to which it was entitled, including all patents or application therefor, copyrights and trademarks and applications therefor, literature or written or printed data relating to the manufacturing processes of Pritchard.

This agreement was later superseded by another employment agreement in 1966 in which Landrum agreed to assign and transfer to Pritchard all of his present and future right, title and interest to discoveries, inventions, patents and application for patents and to return upon termination of employment any property belonging to Pritchard in his possession, custody or control, including specific patents, trademarks and/or written or printed material relating to the company's manufacturing processes. Landrum's compensation was declared to be (a) wages and salary accruing during the continuance of employment; (b) reasonable compensation including necessary and reasonable "out of pocket expenses"; and (c) a "suggestion bonus" for each first patent for an invention or such portion thereof as Pritchard should determine if such invention was made jointly with others.

Landrum's employment was terminated and he now sues Pritchard for (1) additional benefits from the salaried employees profit sharing, investment, savings and retirement plan; (2) $6 million as additional compensation for defendant's use and sale of processes

invented by plaintiff and the use of a trademark contrived by plaintiff; (3) $2 million in damages for defendant's alleged deprivation of credit due plaintiff as an inventor and interference with plaintiff's prospective advantage by requesting that a trade journal not publish an article written by plaintiff during the course of his employment by defendant.

After extensive discovery, defendants moved for summary judgment, which was granted. Plaintiff appeals. *Held:*

1. The respective rights and obligations of employer and employee touching an invention conceived by an employee arising out of his employment spring from the contract of employment. Every patent or interest can be assigned absolutely without restriction. United States v. Dubilier Condensor Corp., 289 U. S. 178, 187 (53 SC 554, 77 LE 1114).

2. Where an employee receives a salary and other remuneration under a contract of employment, it cannot be said that there is no consideration for ancillary agreements therein. Such consideration is supplied by performance under the agreement. *Breed v. Nat. Credit Assn.,* 211 Ga. 629, 632 (88 SE2d 15); *Thomas v. Coastal Indus. Services,* 214 Ga. 832 (1) (108 SE2d 328).

3. It is here admitted that Landrum was employed for over eight years by Pritchard as an engineer under the terms of the employment agreements submitted in evidence. If he invented something he was to assign same to the company, and was agreeable to assigning it, and did so assign certain inventions.

Landrum admitted his interest in the profit sharing and retirement plan was in accordance with the plan; and there is no contest in the evidence as to the value of his interest therein. See in this connection *Burns v. Winkler,* 221 Ga. 285, 288 (144 SE2d 337).

Under the patent plan as shown in the employment contracts Landrum would be paid a bonus and was so paid a bonus for certain inventions. A trademark he allegedly contrived was not registerable as such.

As to an article he had written for a trade journal about one of the company's inventions which no longer satisfactorily worked, the evidence shows Pritchard had

withdrawn the article from publication. The evidence shows it was the property of Pritchard, and Pritchard offered evidence explaining how and why the article was withdrawn, and none of this evidence is contested.

Landrum has received his full interest in the retirement plan, the amount of bonus for inventions and has assigned all interest in inventions and discoveries so as to show no claim here sought by him. He has produced no claims for either monies due him from the profit sharing plan, or for his inventions and has assigned all interest thereunder. Pritchard has fully explained its reasons for requesting that the article in the trade journal not be published, and this has not been refuted by any evidence. No evidence of slander has been shown. Accordingly, under all the evidence submitted on summary judgment, there exists no claim, and the pleadings have been pierced. No factual conflict remains for jury determination.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JUNE 8, 1976 — DECIDED JUNE 23, 1976 — REHEARING DENIED JULY 21, 1976 — ▇▇▇▇▇▇

*John Genins,* for appellant.
*King & Spalding, Kirk McAlpin, Joseph R. Bankoff,* for appellee.