## 35179. UNITED BANKING CO. v. HENDLEY.

BOWLES, Justice.

This appeal is from an order enjoining the sale of appellee's property under the terms of a deed to secure debt executed by appellee and her husband to appellant bank, and an order denying appellant's motion to recuse.

1. The appellee alleged in her complaint to enjoin the sale of her property that the notes, security deed and other papers signed by her in favor of the appellant bank were executed while she was under duress, and were not executed in the presence of the named attesting witnesses. The trial court, finding from the evidence presented that issues of fact remained, enjoined appellant from advertising or selling the property until those issues were decided by a jury.

In reviewing the transcript of the hearing, we find no facts under which appellee could prevail in setting aside the deed to secure debt executed by appellee and her husband. (See *Garrett v. Thornton,* 157 Ga. 487(2) (121 SE 820) (1924) which holds that a judgment in favor of the mortgagee is demanded where there is no evidence that the mortgagee has notice of the alleged duress imposed by the husband on the wife to induce her to execute a mortgage.) Therefore, the trial court erred in enjoining the sale of appellee's property. *Habif v. Maslia,* 214 Ga. 654 (106 SE2d 905) (1959).

2. At the hearing on his motion to recuse, appellant sought to produce documentary evidence to show that the trial judge had a pecuniary interest in the outcome of the case. We agree with appellant that it was error to exclude such evidence. Under Canon 3, C of the Code of Judicial Conduct, 231 Ga. A-2, a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. While not deciding that the judge in this case should have been disqualified, appellant should have been permitted to ascertain the extent of the judge's financial dealing with appellee's counsel.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 27, 1979 — DECIDED OCTOBER 30, 1979.

*Yancey, Perkins & Barnick, Howard E. Yancey, Jr.,* for appellant.

*Perry & Franklin, W. S. Perry,* for appellee.