## HOLLOWAY v. BROWN.

No. 7942. NOVEMBER 14, 1930.

*Astor Merritt,* for plaintiff.

*George G. Finch* and *F. L. Breen,* for defendant.

GILBERT, J. Mrs. Leno Brown bought from G. L. Holloway a restaurant which he was operating at Douglasville. She gave her promissory notes for part of the purchase-money, secured by two mortgages, one covering personalty and the other covering real estate. Among the provisions in the contract covering the sale of the restaurant was the following: "In consideration of said premises and said sale, the said G. L. Holloway hereby covenants and agrees, that, so long as the said Mrs. Leno Brown shall personally operate a restaurant or café in the town of Douglasville, he will not engage in the operation of a restaurant or café in said town, it being the object and intention to convey to said Mrs. Leno Brown the good will of said business as well as the specific articles therein mentioned." Holloway sued Mrs. Brown on one of the notes, and sought to foreclose the two mortgages. In that suit Mrs. Brown filed an answer alleging that Holloway had breached the above provision of the contract by engaging in the restaurant business at Douglasville in competition with her; that because of this breach she had suffered damage to the extent of $1000. She also sought to recover $37.50, which amount she alleged Holloway

had represented to her had been deposited by him on account of bottled drinks, which he had not in fact done, and that she was obliged after the purchase to make the deposit. She prayed that Holloway be enjoined from operating a restaurant at Douglasville in competition with her. In another suit brought by Mrs. Brown against Holloway, she sought injunction to prevent him from operating a restaurant in violation of the terms of the contract. Both suits were pending in Douglas superior court. They were consolidated by the court, and interlocutory injunction was refused. On the trial of the case the jury found "that Mrs. Leno Brown is due damages of $350.00, including note and interest amounting to $134.92, and cash $215.08." The court made the following judgment: "The jury having found for the defendant Mrs. Leno Brown, and against the plaintiff G. L. Holloway, in the sum of three hundred fifty dollars, and the jury having further found that the plaintiff G. L. Holloway was entitled to set off against said three hundred fifty dollars the amount of his note, together with interest, the total sum being thus set off to wit, $134.92, . . it is considered, ordered, adjudged, and decreed that the defendant . . have and recover of the plaintiff" $215.08, with costs of court, and "that the plaintiff G. L. Holloway be and he is hereby enjoined from working in, managing, controlling, assisting in the operation or, owning a café or restaurant in the town of Douglasville, Georgia, so long as the defendant Mrs. Leno Brown continues to personally operate a restaurant or café in said town."

The controlling questions raised in the motion for a new trial all depend upon a proper construction of that portion of the contract entered into by the parties, quoted above. There is nothing in this portion of the contract to render it invalid. The restriction as to territory is reasonable; and under the decisions of this court, where otherwise the contract is reasonable, there need be no limitation as to time. *Goodman* v. *Henderson*, 58 *Ga.* 567; *Swanson* v. *Kirby*, 98 *Ga.* 586 (26 S. E. 71); *Morris-Forrester Oil Co.* v. *Taylor*, 158 *Ga.* 201 (122 S. E. 680); *Hood* v. *Legg*, 160 *Ga.* 620, 627 (128 S. E. 891). The plaintiff in error does not contend that the contract is invalid. He contends that for some months after the execution of the contract Mrs. Brown ceased to operate a restaurant in the town of Douglasville, but resumed such business thereafter; and that the contract is ambigu-

ous in that it is not clear and explicit whether a temporary discontinuance of the business by Mrs. Brown would, under the contract, release Holloway from the obligation not to engage in the operation of a restaurant or café in said town. He offered parol testimony for the purpose of showing that his construction of the contract was the construction placed upon it by both parties at the time the contract was executed. The court refused to admit the testimony, and charged the jury, that, "although she may have gone out of the business for a time, if at the time he, either by himself or with another, operated a restaurant in the town of Douglasville, if she had gone back into it and was personally operating a restaurant, it is immaterial that she had quit for a time, because she would have a right to re-engage in running a restaurant; and if she was engaged in it and was personally operating a restaurant, then he could not, under the contract, engage, directly or indirectly, in running a restaurant in the town of Douglasville." We think the court properly construed the contract. It is a familiar rule, that, in the absence of fraud, accident, or mistake, parol evidence is not admissible to vary an unambiguous written contract. The trial judge properly construed the contract as being unambiguous. Our Civil Code (1910), § 4267, provides: "The intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning." This section, however, is not applicable unless the contract is ambiguous. Moreover, § 4268, fourth subsection, declares: "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." Under this section, if the meaning of the contract is doubtful, it would be construed most strongly against Holloway, who entered into an obligation not to engage in the restaurant business in Douglasville while Mrs. Brown was in that business at that place. The evidence is undisputed, that, although Mrs. Brown was not personally engaged in the business for some months, at the time Holloway reentered the business Mrs. Brown had already reassumed her restaurant business at the same place where she had formerly conducted it. Holloway admitted that he knew Mrs. Brown was again operating the restaurant when he opened up what he swore

was his son's restaurant business. Mrs. Brown testified that she had made a sale to other parties, but, the purchase-price not having been paid, the trade was cancelled; and that she was actually engaged in the business when Holloway opened up or began operating, either for himself or for another, the business of the nature which he had contracted not to . conduct. Under these circumstances the evidence sought to be introduced was not admissible. The judge so instructed the jury. Accordingly, there was no error in refusing to admit the parol testimony to show the understanding of the parties at the time. Also it follows that the court did not err in the charge just quoted, and therefore there is no merit in the grounds of the motion assigning error on the charge.

Other grounds of the motion do not show error. They except to the following instructions in the charge of the court: (a) That Mrs. Brown "would not have to show a specific item of damages, but she must show such a situation with reference to competition on the part of the plaintiff here as that you may gather from the testimony that she had been damaged." (b) "You will have the contract out with you with reference to her having sold to somebody, Puckett and somebody, and you will have the pleas of the parties. Pleadings are not evidence. They are simply the means by which the scope of the trial is determined, and the evidence in the case is what you go by, and make a verdict that conforms to the law and the evidence." *Judgment affirmed. All the Justices concur.*