The instant case can not in principle be distinguished from National Linen Service Corporation v. Clower, 179 Ga. 136
(175 S.E. 460); and under the ruling in that case on a similar state of facts, it was not error to grant the injunction, the agreement sought to be enforced, although in restraint of trade, being limited as to both time and territory. and not otherwise unreasonable.
Judgment affirmed. All the Justices concur.
 No. 13267. MAY 17, 1940.
Fulton Bakery Inc., a corporation, made a contract with Eli Franco, signed by both parties, whereby the corporation agreed to employ Franco for a term of five years as a salesman and in such capacity and at such places and for the performance of such services and duties in and about its business as it might from time to time require him to perform. Franco was to be paid $25 per week for the first month. Upon the expiration of the first month he was to draw no salary, but should receive as his compensation a commission of ten per cent. on the gross sales made by him, plus $10 per month during the next eleven months, as a bonus. After the expiration of said eleven months his compensation should be only the commission of ten per cent. upon the gross sales delivered by him. During the term of his employment he was to devote his entire time and attention exclusively to the business and interest of Fulton Bakery Inc., and he was to perform to the entire satisfaction of the employer such duties as may be assigned to him, and he was to further enhance and develop the business interest and welfare of his employer, and obey all its rules and regulations. During the period of eighteen months after the termination of the employment, "either by the expiration of the term of said employment under this contract, or for any other cause whatever," he was not directly or indirectly to sell or supply any article sold to any person who had been a customer of that corporation at any time while he was employed under this contract, nor was he in any way, directly or indirectly, to solicit, divert, take away, or attempt to solicit, divert, or take away any of the custom, business, or patronage of said customers; nor during said 18 months was he, for himself or any other person, firm, or corporation, to engage in or be or become interested, or be employed directly or indirectly in the *Page 299 
territory embraced within Fulton and DeKalb Counties, Georgia, as an individual, partner, stockholder, director, officer, clerk, salesman, buyer, principal, agent, employee, or in any relation or capacity whatsoever in the line of business carried on by Fulton Bakery Inc., or to assist or give any information in relation to its business directly or indirectly to any one engaged, interested, or employed in any such line of business. It was further provided in this contract: "In consideration of this agreement and the compensation herein provided for, it is further understood and agreed that first party [Franco] is to render service as a regular employee to second party during the term of this contract, as first party may be required or directed by the second party."
Franco remained with Fulton Bakery Inc. more than twelve months after the making of this contract, when he quit, and at once became an employee of Zakas Bakery as a salesman and truck driver, doing the same kind of work as he was employed to do and did perform for Fulton Bakery Inc. Fulton Bakery Inc. filed its petition alleging, beside the foregoing facts, that in violation of the provisions of their agreement Franco was selling for his new employer articles to petitioner's customers, and calling upon them as he did while employed by petitioner. It was sought to enjoin him from so doing; and it was alleged that the damage he would do, if not enjoined, would be incapable of ascertainment, and that because of his small financial means such damage, even if ascertained, could not be recovered in a suit at law.
The defendant filed no demurrer, but filed an answer, which was sworn to. At interlocutory hearing affidavits were submitted by the plaintiff in support of its petition. The defendant submitted his sworn answer to the petition, and was allowed to give testimony. The evidence for the plaintiff and the defendant was in sharp conflict; but the defendant contended that inasmuch as he had lived in Atlanta for thirty years and had been engaged for eighteen or twenty years in selling bread, the restriction against his continuing his life work in Fulton and DeKalb Counties, with an approximate population of 400,000 people, for a period of one and a half years, was unreasonable as to time and area. The court granted the injunction as prayed, and the defendant excepted.