## 24691.   BAXLEY v. BLACK et al.

MOBLEY, Justice. The appeal is from an order of the Superior Court of Cobb County holding valid and enforceable a restrictive covenant in an employment contract between the parties to the action, and enjoining the defendant (the appellant here) from engaging in the preparation and sale of barbecued meats in violation of the following covenant of the contract, to wit: "During the term of his employment and for a period of one (1) year thereafter, the employee covenants and agrees that he will not for himself, or in connection with any other person, firm or corporation, directly or indirectly, engage in the preparation or sale of barbecued meats at any location within a radius of ten (10) miles of any of the locations of the employer as set forth in Exhibit 'A' hereto." Exhibit "A", referred to, lists five locations of barbecue places in Atlanta, and one in Decatur, Georgia. The appeal enumerates as error: the rendering of the judgment holding that

the contract was valid and enforceable; the denial of the motion to dismiss for failure to state a claim upon which relief can be granted; the failure to grant a judgment in favor of the appellant; and the enjoining of the appellant from carrying on his vocation as a cook during the period of the contract, which is in restraint of trade and null and void, in violation of Art. IV, Sec. IV, Par. I of the Constitution of Georgia (*Code Ann.* § 2-2701). *Held:*

1. The contract is not violative of Art. IV, Sec. IV, Par. I of the Constitution of Georgia (*Code Ann.* § 2-2701). See *Griffin v. Vandegriff,* 205 Ga. 288 (1) (53 SE2d 345). "This court has held many times that 'a restrictive covenant in a contract of employment whereby a person agrees not to engage in an occupational activity of a particular kind which is reasonably limited as to time and territory, is valid and enforceable so long as it is not unreasonable in other respects.' *Williams v. Rio Grande. Fence Co.,* 221 Ga. 633 (1) (146 SE2d 630); . . . The restraint must be 'reasonably necessary to protect the interest of the party in whose favor it is imposed. . .' *Rakestraw v. Lanier,* 104 Ga. 188, 194 (30 SE 735)." *Bennett v. Ga. Industrial Catering Co.,* 222 Ga. 127, 128 (1) (149 SE2d 81), and cases cited. The restrictive provision limiting the territory to a radius of ten miles of any of the named locations of appellees' places of business, all in Fulton and DeKalb Counties, for a period of one year, is reasonable both as to time and territory.

2. The evidence supports the conclusion that the restraint is reasonably necessary to protect the interest of the appellees in whose favor it was imposed, was for a just and honest purpose, and would not be specially injurious to the public. There is evidence that the appellees employed the appellant as a barbecue cook, that they trained him in their specialized method of cooking, which the appellant admits he had never seen before, that they used special cuts of meat, a secret sauce, special type of operation with indoor pit, etc. The evidence shows further that the appellant has accepted employment as manager of a nearby, newly established, competing barbecue place, where he does some of the cooking, directs how the meats are served, and the operation of the place; and shows further that this new barbecue house was built similar in design to the Old Hickory Houses of the appellees, and that in the operation it has duplicated many features of the Old

458

Hickory House, making the operation very similar in practically all particulars. It is obvious that the appellant is violating the covenant in the contract.

3. The court did not err for any reason assigned in granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1968—DECIDED JULY 2, 1968.

*McDonald & Landress, S. M. Landress, D. R. McDonald,* for appellant.

*Heyman & Sizemore, William H. Major, Thomas Henry Nickerson,* for appellees.