26422. BROWN v. WOOD et al.

ARGUED APRIL 14, 1971—DECIDED MAY 6, 1971.

*Howard, Howard & Hall, Pierre Howard, Jr., William V. Hall, Jr.,* for appellant.

*Charles L. Schreeder, III,* for appellees.

MOBLEY, Presiding Justice. This appeal is from a judgment on the pleadings in favor of the defendants in an action for breach of contract. The appeal was filed in the Court of Appeals, and that court has sent it to this court.

The plaintiff alleged that the defendants purchased certain real property from a named corporation, and that this corporation had a contract with the plaintiff under which the plaintiff maintained three commercial washing machines and two dryers on the property, with an agreement that 25% of the collections be paid to the plaintiff. After the sale of the property, demand was made by the defendants that the plaintiff remove his washing and drying machines. The plaintiff notified the defendants of his contention that his contract with their predecessor in title was binding on them, under the stipulations in the contract to sell the property. It was alleged that: "On the fourth day of September, 1970, defendants and others, acting in concert with them, removed plaintiff's washing and drying machines from their location, thereby interfering with plaintiff's enjoyment of the benefits of the laundromat man-

agement contract. . ."

The prayers were for actual and punitive damages, attorney's fees, and that "defendants be temporarily and permanently enjoined from interfering with and hindering the operation of his washing and drying machines, as set forth above; . . ."

There are no allegations in the complaint or answer making this a case in equity within the jurisdiction of this court. The prayer for injunctive relief, with no allegations making a substantial issue as to the right to such relief, does not make it an equity case. The complaint alleges that the machines have been removed from the defendants' property, and the prayer for injunctive relief could avail the plaintiff nothing. The only question to be decided in the case is whether the plaintiff is entitled to maintain his action for damages for breach of contract, and this is a question within the jurisdiction of the Court of Appeals, and not this court. Compare: *Carparking, Inc. v. Chappell's, Inc.,* 213 Ga. 637 (100 SE2d 896); *Dorough v. Pettus,* 215 Ga. 649 (112 SE2d 592); *State Hwy. Dept. v. Hewitt Contr. Co.,* 221 Ga. 621, 623 (146 SE2d 632); *Sutker v. Pennsylvania Ins. Co.,* 223 Ga. 58 (153 SE2d 540); *Gifford v. Jackson,* 223 Ga. 155 (154 SE2d 224); *Stevenson v. City of Atlanta,* 225 Ga. 190 (167 SE2d 151).

*Remanded to the Court of Appeals. All the Justices concur.*