**HARDWARE MUTUAL CASUALTY COMPANY et al.**

v.

**Raymond S. WILLIAMS, Jr.**

**Civ. A. No. 14175.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 27, 1971.

**924**

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiffs.

Wright Gellerstedt, Decatur, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiffs seek injunctive relief and damages against defendant, a former employee, on grounds that he violated and continues to violate portions of a restrictive covenant contained in his employment contract with them. Defendant says the restrictive covenant is illegal because it is in general restraint of trade. This court's jurisdiction was properly invoked pursuant to 28 U.S.C. § 1332 (1970).

Although restrictive covenants in employment contracts are in restraint of trade, they are permitted in Georgia if they are reasonably limited as to duration, territory, and type of activity. Coffee Systems of Atlanta v. Fox, 226 Ga. 593, 176 S.E.2d 71 (1970). If the clauses of the covenant are interdependent, as they are in the instant case, the covenant must be considered a single entity which will fall if one of its clauses is illegal. WAKE Broadcasters, Inc. v. Crawford, 215 Ga. 862, 114 S.E.2d 26 (1960); Felton Beauty Supply Co. v. Levy, 198 Ga. 383, 31 S.E.2d 651 (1944). The resolution of this lawsuit, therefore, turns on the legality of the following part of the restrictive covenant:

"The salesman agrees that he will not * * * within two (2) years after termination of his * * * employment * * * in any way seek to * * * solicit or accept * * * any renewal or replacement * * * of any insurance at the time being provided by the Companies * * * which was sold * * * by the Companies * * * at any time or times during the Salesman's employment by the Companies * * * through any effort whatever on the part of the Salesman."

Plaintiffs concede that this clause is not restricted as to territory. Nevertheless, they claim that two cases[1] decided by the Georgia Supreme Court hold that a clause such as this is legal. First they point to National Linen Service Corp. v. Clower, 179 Ga. 136, 175 S.E. 460 (1934). In that case the Georgia Supreme Court appended to its opinion the decision of the Fulton County Superior Court which had reprinted parts of the restrictive covenant involved. One of the sentences reprinted by the Superior Court prohibited the employee from soliciting for two years any of the customers the employer had during the period of his employment. At the end of the sentences reprinted by the Superior Court there was a territorial limitation (Fulton County). In its opinion in *National Linen*, the Georgia Supreme Court made no reference to the sentence prohibiting solicitation of the employer's customers. Instead it squarely held that the restrictive covenant in question was reasonably limited *both* as to time *and* territory and was therefore legal. It cited and quoted at length from Shirk v. Loftis, 148 Ga. 500, 97 S.E. 66 (1918), in which it was held that restrictive cove-

---

1. Plaintiffs also referred in their brief to Kirshbaum v. Jones, 206 Ga. 192, 56 S.E.2d 484 (1949). In that case there was no territorial limit, but the employee was prohibited from soliciting those customers of the employer whom he had served. The court held that the covenant would be restricted to the geographical area in which those customers lived, so that there was, in effect, a territorial limit. Here, however, the clause in question prohibits defendant from soliciting *any* customer to whom plaintiffs sold insurance policies, as long as such sales were made "through any effort whatever" on defendant's part. This would mean that if defendant gave a casual sales tip to a fellow agent who was subsequently transferred to another state and made sales on behalf of plaintiffs in that other state, defendant would be prohibited from soliciting those out-of-state customers. *Kirshbaum* offers no support for the legality of this clause.

nants reasonably limited both as to time and territory and not otherwise unreasonable are legal. The Court in *National Linen* went on to quote the following from *Shirk:*

"And with respect to restrictive agreements ancillary to a contract of employment, the mere fact that the contract is unlimited as to *either* time or territory is sufficient to condemn it as unreasonable." 179 Ga. at 145, 175 S.E. at 465 (emphasis added).

It is clear that *National Linen* did not hold that a restrictive covenant unlimited as to territory is legal. Indeed, every Georgia case involving restrictive covenants which has cited *National Linen* has cited it to support the proposition that a covenant limited both as to time and territory is legal.[2]

Plaintiffs also rely on Franco v. Fulton Bakery, Inc., 190 Ga. 298, 9 S.E.2d 240 (1940). As in *National Linen,* the Georgia Supreme Court appended to its six-line opinion the decision of the Fulton County Superior Court which had reprinted parts of the restrictive covenant in question. Again, one of the sentences reprinted by the Superior Court prohibited the employee from soliciting any person who had been a customer of the employer during the period of his employment. At the end of the string of sentences reprinted by the Superior Court there was a territorial limitation (Fulton and DeKalb Counties). The Georgia Supreme Court in *Franco* held that the facts of the case were indistinguishable from the facts in *National Linen* and that the restrictive covenant in question was legal since it was limited *both* as to time and territory and not

otherwise unreasonable. The court made no mention of the sentence reprinted by the Superior Court which prohibited solicitation of any of the employer's customers. Every Georgia case involving restrictive covenants which has cited *Franco* has cited it to support the proposition that a covenant limited as to *both* time and territory is legal.[3]

This court, under the Erie doctrine, must decide the instant case as if it were sitting as the highest state court in Georgia. *See* Grey v. Hayes-Sammons Chemical, 310 F.2d 291, 297 (5th Cir. 1962). Neither in *National Linen* nor in *Franco* did the Georgia Supreme Court—whose decisions control in this diversity case—hold that a clause in a restrictive covenant which is unlimited as to territory is legal. But in a very recent case, Edwin K. Williams & Co.-East v. Padgett, 226 Ga. 613, 176 S.E.2d 800 (1970), which plaintiffs concede is directly in point, the Georgia Supreme Court was faced with a factual situation similar to the one here. In that case there was a restrictive covenant which contained two provisions that were to take effect during the first two years following the termination of employment. The first prohibited the employee from engaging in the employer's type of business within 50 miles of Augusta, Georgia; the second prohibited the employee from soliciting for himself or others any accounts served by the employer during the period of his employment. The court held that though the second provision was reasonably limited as to time it was unlimited as to territory and therefore illegal. The lower court's decision which dismissed the

---

2. Coffee Systems of Atlanta v. Fox, *supra*; Mansfield v. B & W Gas, Inc., 222 Ga. 259, 149 S.E.2d 482 (1966); Insurance Center, Inc. v. Hamilton, 218 Ga. 597, 129 S.E.2d 801 (1963); Bennett v. Kimsey, 218 Ga. 470, 128 S.E.2d 506 (1962); Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648 (1959); Aladdin, Inc. v. Krasnoff, 214 Ga. 519, 105 S.E.2d 730 (1958); Breed v. National Credit Ass'n., Inc., 211 Ga. 629, 88 S.E.2d 15 (1955); Kirshbaum v. Jones, *supra*;

Nelson v. Woods, 205 Ga. 295, 53 S.E.2d 227 (1949); Franco v. Fulton Bakery, Inc., 190 Ga. 298, 9 S.E.2d 240 (1940); Ogle v. Wright, 187 Ga. 749, 2 S.E.2d 72 (1939); Jones v. Primrose Dry Cleaning Co., 181 Ga. 103, 181 S.E. 577 (1935).

3. Insurance Center, Inc. v. Hamilton, *supra*; Kirshbaum v. Jones, *supra*; Orkin Exterminating Co., Inc. of South Ga. v. Dewberry, 204 Ga. 794, 51 S.E.2d 669 (1949).

complaint seeking injunctive relief was affirmed. This is precisely the situation here, and this court is bound to accept this most recent pronouncement of Georgia law. *See* Meredith v. City of Winter Haven, 320 U.S. 228, 233–234, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Necaise v. Chrysler Corp., 335 F.2d 562 (5th Cir. 1964).

■ Since one of the interdependent clauses of the restrictive covenant involved in this lawsuit is unlimited as to territory and illegal, the entire covenant is in general restraint of trade and illegal. Plaintiffs' complaint, therefore, fails to state a claim upon which this court may grant relief, and it must be dismissed. Defendant's counterclaim, which was voluntarily withdrawn during the pendency of this action is also dismissed.

It is so ordered.