46444. BROWN v. WOOD et al.

EVANS, Judge. Plaintiff sued three individuals designated as a limited partnership for injury and damages arising out of the removal of certain washing machines and dryers located on the property of the defendants. Attached to the suit was an agreement entered into by the plaintiff with the predecessor in title of the partnership whereby the plaintiff was allowed to install, maintain and operate the laundry equipment on the premises of Millbrook Estates, 283 Norcross Street, Roswell, Georgia, for five years, the landowner to receive a percentage of the monthly collections thereon, and furnish all utilities, giving plaintiff free access to the machines during reasonable hours and to refrain from any interference whatsoever with the operation of said machines. This agreement contained the language that in the event of the sale of Millbrook Estates the "assignee" will abide by and be bound by the terms and conditions of this agreement. This instrument was fully executed and recorded in the records of Fulton County, Georgia. The defendants purchased the property with full knowledge of the agreement as shown in a land option purchase contract which was thereafter exercised and in the closing statement used in settlement of the sale. Thereafter, the defendants removed the laundry equipment forcibly after notifying plaintiffs to remove it, and this suit was filed seeking injunctive relief as well as damages. The lower court, in ruling on the plaintiff's motion for interlocutory injuction, also considered a motion of the defendants for judgment on the pleadings. Based upon the exhibits attached to the petition, the lower court held that the contract was a personal contract for services and not a lease, constituting only a license for operating such equipment on the premises, valid only between their predecessor in title or its assigns and the plaintiff, and dismissed the petition. This appeal went first to the Supreme Court (Brown v. Wood, 227 Ga. 548 (181 SE2d 860)), and that court ruled that the allegations of the petition were insufficient to make any substantial issue for equitable relief, and remanded the case to this court. Held:

Where the landlord grants to another the right to enter upon and

use real estate for a fixed time and for an agreed sum payable monthly, there being consideration flowing between the parties, the relationship of landlord and tenant exists. See *Code* § 61-101. This contract provided for a certain use of the land by the tenant and required the landlord to furnish certain facilities including the location and utilities for the laundry equipment. The evidence before the court shows that the new purchaser was aware of the conditions and purchased the property subject to the contract which was properly recorded, and that the defendants had both personal and constructive knowledge of the existence of the contract.

Counsel for the defendants argues that this was a mere license to come upon the property to perform personal services under a contract which did not run with the land. Yet, in the case sub judice the plaintiff entered on the property, made the improvements and was in the performance of the contract when it was sold, and, as shown by the evidence, it was sold subject to the "lease." In *Brantley v. Perry,* 120 Ga. 760 (48 SE 332) it is held that even a license becomes irrevocable when the licensee on the faith of the license expends money and erects valuable improvements necessary to enjoy the license, citing *Sheffield v. Collier,* 3 Ga. 82; *Mayor &c. of Macon v. Franklin,* 12 Ga. 239. This case likewise cites *Rome Gas Light Co. v. Meyerhardt,* 61 Ga. 287, which holds that a purchaser of land who takes with notice that it is burdened with an existing easement takes it subject to such easement. Without question the plaintiff had the right to come upon the land and service the machines and perform his portion of the contract during the period of five years as therein authorized by the predecessor in title of the defendants. Thus, whether or not the use of the property by the plaintiff amounted to a usufruct or an irrevocable license amounting to an easement to enter upon the property, the defendants purchased subject to such use. Therefore, the lower court erred in dismissing the petition. Since the transfer of the property by the grantor to the grantees (defendants here) was an assignment of the whole of the property, the assignees purchased the property subject to this instrument.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

Argued September 13, 1971—Decided October 1, 1971.

*Howard, Howard & Hall, Pierre Howard, Sr., William V. Hall, Jr.,* for appellant.

*Cofer & Beauchamp, Charles L. Schreeder,* for appellee.