## 27151. WILLIAMS v. THE SHRIMP BOAT, INC.

HAWES, Justice. A restrictive covenant entered into as a part of a franchise contract by which the franchisee binds himself in consideration thereof for a period of one year after the termination of such agreement not to engage in the sale of food or foodstuff to be carried away from or consumed off the premises or to carry on any operation the same as or similar to that commonly carried on under the name of the franchisor's business in any county in which there shall be located a unit of the franchisor's business referred to in such agreement where the only unit of the franchisor's business referred to in said agreement is "Unit No. 33 located in the Perry Plaza Shopping Center, Macon Street, Perry, Georgia," is, as a matter of law, a reasonable restriction to be imposed upon the franchisee, both as to territory and as to the time in which the competitive activity is prohibited so as not to be otherwise unreasonable. *Swanson v. Kirby,* 98 Ga. 586 (26 SE 71); *Holloway v. Brown,* 171 Ga. 481 (155 SE 917). It follows that the trial court did not err in enjoining the defendant who had operated a unit under franchise from the plaintiff, and who, after giving notice under the terms of the contract to terminate the same, commenced immediately after ceasing to do business under the franchise to engage in a competitive business at the same location selling food or foodstuffs to be carried away from or consumed off the premises in an operation similar to that carried on by the plaintiff, where the evidence showed that the plaintiff at the time maintained one of its units in another city within the same county as that wherein the defendant was engaged in business. While a distinction has been recognized by the courts between cases arising out of employment contracts and those arising out of contracts for the sale of a mercantile or other business (e.g. *Rakestraw v. Lanier,* 104 Ga. 188 (3) (30 SE 735, 69 ASR 154); and *Kutash v. Gluckman,* 193 Ga. 805 (20 SE2d 128)), in which latter cate-

gory we deem this case to be, see generally, as to the proposition announced above and applied herein: *Hood v. Legg,* 160 Ga. 620 (128 SE 891); *National Linen Service Corp. v. Clower,* 179 Ga. 136 (175 SE 460); *Burdine v. Brooks,* 206 Ga. 12 (55 SE2d 605); *Baxley v. Black,* 224 Ga. 456 (162 SE2d 389); *Mike Bajalia, Inc. v. Pike,* 226 Ga. 131 (172 SE2d 676); *Coffee System of Atlanta v. Fox,* 226 Ga. 593 (176 SE2d 71).

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 11, 1972—DECIDED JUNE 28, 1972.

*Nixon & Nixon, Jon A. Nixon, John P. Nixon,* for appellant.
*Adams, O'Neal & Hemingway, Thomas W. Talbot, H. T. O'Neal, Jr.,* for appellee.