## 27813. DURHAM v. STAND-BY LABOR OF GEORGIA, INC.

SUBMITTED MARCH 13, 1973 — DECIDED
MAY 10, 1973.

*Nick Lambros,* for appellant.

*Richard N. Hubert, Haas, Holland, Levison & Gibert,* for appellee.

HAWES, Justice. ■ The appellee, Stand-By Labor of Georgia, has moved this court to dismiss the appeal upon the ground the appellant has failed to file his enumeration of errors within the time allowed by Rule 14(a) of the Rules of the Supreme Court, and upon the ground that the trial court's certified order overruling the motion to dismiss for failure to state a claim, being one not involving the grant or denial of equitable relief, is not such an order from which an appeal would lie to this court. As we have held on previous occasions, Rule

14(a) is directory and its violation does not constitute one of the limited grounds for dismissal as prescribed by the Appellate Practice Act, Code Ann. § 6-809. In addition, because substantial equitable relief was sought by Stand-By Labor against the defendant Durham by way of injunction, the present appeal from an order overruling a motion to dismiss for failure to state a claim with proper certification will lie to this court and not to the Court of Appeals. Cp. *Brown v. Wood,* 227 Ga. 548 (181 SE2d 860) (1971). It follows, therefore, that the motion to dismiss the appeal is denied.

■ The contractual restraints in suit are those tending to lessen competition and are to be considered in the light of public policy disfavoring agreements having that effect. Code Ann. §§ 2-2701 and 20-504. Under the law of Georgia, covenants in restraint of trade may be enforced if they are reasonable as to time and place and are not overly broad as to the activities proscribed, taking into consideration the interests of individuals in gaining and pursuing a livelihood, of commercial concerns in pro-tecting property, confidential information and re-lationships, good will and economic advantage, and of the broader public policy favoring individual freedom to enter into contracts and to contract as one will. *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (97 SE 66) (1918); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154) (1898). In all cases involving covenants not to compete, whether in sales of businesses or covenants ancillary to employment contracts, the rule of reason prevails: "[I]f, considered with reference to the situation, business, and objects of the parties, and in light of all the surrounding circumstances . . . the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid." *Rakestraw v. Lanier,* 104 Ga. 188, 195,

supra. See Restatement of Contracts, § 513-515 (1932), and cp. Blake, Employee Agreements Not to Compete, 73 Harv. L. Rev. 625, 648 (1960).

(a) The general noncompetition provision. Paragraph Eleven of the present contract of employment provided as part of its general noncompetition terms that the defendant Durham would not enter into any competitive activity "within a radius of 50 miles of any city in which Stand-By Services, Inc., or any affiliated company is operating at the time . . . employment is terminated." As we have indicated in prior decisions, *Ellison v. Labor Pool of America,* 228 Ga. 147 (184 SE2d 572) (1971); *Taylor Freezer &c. Co. v. Sweden Freezer &c. Corp.,* 224 Ga. 160 (160 SE2d 356) (1968); and, *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (114 SE2d 26) (1960), such terms are overly broad and unreasonably in restraint of trade due to the chilling effect that may be had upon post-employment competitive activity because of the employee's inability to forecast with certainty the territorial extent of the duty owing the former employer. In *Richard P. Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972), this court declined to apply the "Blue-pencil theory of severability" in such circumstances and to sever the unenforceable clauses of the contract in view of policy considerations militating against the adoption of this theory. In *Rita,* this result was reached despite a specific contractual provision that its illegal clauses were severable.

Taking Paragraph Eleven of the contract as a whole, therefore, and in the face of a specific severability clause, the territorial limitations being overly broad, the entirety of the paragraph's noncompetition provisions must be declared void and unenforceable. No claim for relief may therefore be asserted pursuant to this part of the contract.

(b) The specific nondisclosure provision. It should be noted, however, that a claim for breach of covenant not

to compete and one for wrongful disclosure and use of confidential information in violation of contract may be maintained separately and independently under the same or distinct provisions of the employment agreement. See Water Services v. Tesco Chemicals, 410 F2d 163, 171 (5th Cir. 1969). In *Taylor Freezer &c. Co. v. Sweden Freezer &c. Corp.,* 224 Ga. 160, supra, for example, we held that non-specialized customer lists and other general confidential business and customer information were not within the purview of traditional Georgia law as to property and were not protectable from post-employment disclosure and use in the absence of contract. Relying on *Stein v. National Life Assn.,* 105 Ga. 821 (32 SE 615, 46 LRA 150) (1899), and *Vendo Co. v. Long,* 213 Ga. 774 (102 SE2d 173) (1958). Contra, Restatement of Agency 2d, § 396 (1958). Of course, such information is fully protectable in the absence of contract if procured by improper means or otherwise disclosed without privilege, as in violation of relationships of confidence. See Restatement of Torts, §§ 757-759 (1939). In view of *Taylor Freezer,* when a duty has been imposed upon an employee pursuant to contract not to disclose confidential business information upon termination of employment, public policy is swung in favor of protecting these commercial intangibles and of preventing unfair methods of exploiting them in breach of duty. See Developments in the Law—Competitive Torts, 77 Harv. L. Rev. 888, 947 (1964).

Covenants not to disclose and utilize confidential business information are related to general covenants not to compete because of the similar employer interest in maintaining competitive advantage. Unlike general noncompetition provisions, however, specific non-disclosure clauses bear no relation to territorial limitations and their reasonableness turns on factors of time and the nature of the business interest sought to be protected. See Blake, Employee Agreements Not to

Compete, 73 Harv. L. Rev. 625, supra. In determining whether restraints on disclosure are reasonable, two factors are of importance: (1) whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers, personnel data, and so on—even though the information does not rise to the stature of a trade secret; and (2) whether the restraint is reasonably related to the protection of the information. See Restatement of Contracts, §§ 515 (a), 516, and Forrester, Maintaining Trade Secrecy: The Significance of Water Services v. Tesco Chemicals, 4 Ga. L. Rev. 541 (1970). These considerations apply to claims for wrongful disclosure brought pursuant to contractual clauses which are broadly drawn in general noncompetition provisions, as in *Baxley v. Black,* 224 Ga. 456 (162 SE2d 389) (1968); *Nelson v. Woods,* 205 Ga. 295 (53 SE2d 227) (1949); and, *Franco v. Fulton Bakery,* 190 Ga. 298 (9 SE2d 240) (1940), and to those asserted pursuant to specific provisions restricting disclosure as Paragraph Twelve of the present contract.

In considering Paragraph Twelve of the present contract, therefore, we are unable to say as a matter of law such provision against disclosure and utilization of confidential information, here customer names and addresses and personnel data, is void as in restraint of trade. Its reasonableness must be developed in the trial court. Certainly, however, customer lists and customer information which have been compiled by firms represent a material investment of employers' time and money. This information is often highly confidential and constitutes a valuable asset. Whether this information was embodied in written lists or committed to memory is, we believe, of no significance in the present case; in either event, the data are entitled to protection under the contract. And the same is true as regards personnel information and data where, as here, firms are engaged

in providing personnel services. But the legitimacy of the need to maintain the confidentiality of such information is a question of fact whose resolution is for the court below. We need not indicate all the many factors to be considered in this regard. They encompass, however, the time and effort of Stand-By Labor in amassing its clientele and in building up its good will, the need to protect its economic advantage through confidential customer connections and confidential personnel data, the efforts made to protect the information and the need to do so against employee "draw," for example, and in general the overall aspects of the business as may indicate a legitimate need to protect the information. See Note, Trade Secrets, Customer Contacts and the Employer-Employee Relationships, 37 Ind. L. Rev. 218 (1962). It is enough to say that Stand-By Labor has stated a claim as to violations of Paragraph Twelve of the contract and the allegations in support of the claim were sufficient to withstand a motion to dismiss.

■ Because the appellant has filed a general enumeration of error as to the overruling of his motion to dismiss and has not argued orally or in briefs the question whether a tort claim has been stated in Count III of the complaint, we consider this issue to have been abandoned on appeal. It follows from the foregoing that the order of the trial court denying appellant's motion to dismiss for failure to state a claim must be affirmed.

*Judgment affirmed. All the Justices concur. Mobley, C. J., Grice, P. J., and Jordan, J., concur in the judgment but not in all that is stated in the opinion.*

JORDAN, Justice, dissenting in part. I dissent from Division 2 (a) of the majority opinion declaring the noncompetition provisions of the contract void for the same reasons stated in my dissent in *Richard P. Rita Personnel Services v. Kot,* 229 Ga. 314, 318. The majority opinion here is doing exactly what was done in *Rita,* i.e., rewriting the contract for the parties. The parties to this

contract in clear and unequivocal language set forth the noncompetition provisions of the contract in two distinct paragraphs with a specific severability clause. In lumping the two separate provisions into one and voiding both we have simply nullified the clear intent of the parties to this contract.

I would affirm the order of the trial court denying the motion to dismiss for failure to state a claim for the above stated reason as well as the reason stated in Division 2(b) of the opinion.

I am authorized to state that Chief Justice Mobley and Presiding Justice Grice concur in what is said herein.