38939. AMERICAN PHOTOCOPY EQUIPMENT COMPANY
OF ATLANTA v. HENDERSON et al.

GREGORY, Justice.

In October, 1981 the defendant was hired as the service manager for C & D Graphics, Inc., a corporation which sold and serviced photocopying equipment. It is undisputed that C & D Graphics had no employment contracts with any of its employees. On February 15, 1982 C & D Graphics entered into an agreement with plaintiff American Photocopy to sell its "business . . . limited to its customer list and office furniture" to American Photocopy for $50,000. Negotiations surrounding this transaction were kept secret and employees of C & D Graphics were not notified of the impending merger until Friday, February 12. At this time employees were told by the President of American Photocopy that they could "show up [Monday, February 15] to talk about employment" with American Photocopy; no promises of employment were made to any of C & D's employees. Defendant did not interview for a position with American Photocopy, but thereafter began his own company to sell and service photocopying equipment. Subsequently American Photocopy filed this action to enjoin defendant from "contacting . . . or rendering any service similar to that offered by plaintiff . . . to the established customers of C & D Graphics." American Photocopy alleged that the defendant is using the customer list of C & D Graphics to establish his business and that this list is "confidential and privileged information" which American Photocopy specifically purchased from C & D Graphics.[1]

Following an evidentiary hearing, the trial court denied American Photocopy's application for an interlocutory injunction. We affirm.

The evidence shows that while only the defendant and one other employee of C & D Graphics had access to the company's "customer list," all other C & D employees had ready and unlimited access to the customer account cards from which the "customer list" was drawn. The evidence also shows that the defendant is currently transacting business with approximately 25-35 of the 500 customers on the C & D

---

[1] The President of American Photocopy testified at the hearing on the application for an interlocutory injunction that, in his opinion, the office furniture of C & D Graphics was worth less than $10,000; of the $50,000 purchase price he estimated that "more than $40,000" was paid to obtain the customer list.

Graphics' customer list.

Both parties in this case insist that *Durham v. Standby Labor of Ga.,* 230 Ga. 558 (198 SE2d 145) (1973) is controlling. Defendant maintains that customer lists are "not within the purview of traditional Georgia law as to property and [are] not protectable from post-employment disclosure and use in the absence of contract." 230 Ga. at 563. See also, *Vendo Co. v. Long,* 213 Ga. 774 (102 SE2d 173) (1958); *Stein v. National Life Assn.,* 105 Ga. 821 (32 SE 615) (1899). American Photocopy relies on that portion of *Durham* which states, "[o]f course, such information [general confidential business and customer information and customer lists] is fully protectable in the absence of contract if procured by improper means or otherwise disclosed without privilege, as in violation of relationships of confidence. See Restatement of Torts, §§ 757-759 (1939)." 230 Ga. at 563. Under this authority American Photocopy urges that it may enjoin the defendant, in absence of a contract, from transacting business with any of the former customers of C & D Graphics.

The Restatement of Torts §§ 757 and 758 deal with liability for the improper disclosure of a trade secret and are inapplicable to the facts of this case. Customer lists are not trade secrets. *Textile Rubber &c. Co. v. Shook,* 243 Ga. 587 (255 SE2d 705) (1979). Section 759 of the Restatement provides, "One who, for the purpose of advancing a rival business interest, procures by improper means information about another's business is liable to the other for the harm caused by his possession, disclosure or use of the information." Comment (c) to this section defines "improper means" as "theft, trespass, bribing or otherwise inducing employers or others to reveal the information in breach of duty, fraudulent misrepresentations, threats of harm by unlawful conduct, wire tapping, procuring one's own employees or agents to become employees of the other for purposes of espionage and so forth." It is clear from the record in this case that defendant's access to the customer list of C & D Graphics was a necessary part of his employment and was not procured by "improper means."

The question remains whether under any other theory American Photocopy may enjoin defendant from transacting business with the customers on the C & D Graphics' customer list. The President of C & D Graphics testified that while he never forbade the defendant to solicit customers of C & D should the defendant leave his company, he told the defendant "the material in this office is confidential and [the defendant] knew exactly what I was talking about." American Photocopy argues, without citation of authority, that this evidence demonstrates there existed a "relationship of confidence" between C & D Graphics and the defendant which would prohibit the defendant's use of the customer list. While this evidence may

indicate that the President of C & D Graphics intended for the customer list to remain confidential, without more it does not establish a "relationship of confidence" between C & D and the defendant. That a former employee is soliciting the same customers with whom he dealt while working for his employer is not, standing alone, sufficient to charge the employee with a breach of trust. *Vendo Co. v. Long,* supra, at 778. As pointed out above, even a "confidential" customer list is not property which is protectable from post-employment disclosure absent a contract. *Durham v. Stand-by Labor,* supra, at 563.

We find, therefore, that the trial court did not err in denying the application for an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Howard, Cook & Mullinax, Charles A. Mullinax,* for appellant. *Stern & Funk, Shiel G. Edlin,* for appellees.