864 F.2d 150
 10 U.S.P.Q.2d 1218
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COCA-COLA COMPANY, Plaintiff-Appellee,
v.
REED INDUSTRIES, INC., Defendant-Appellant,
Sentry Insurance, Defendant.
 No. 88-1319.
 United States Court of Appeals, Federal Circuit.
 Nov. 22, 1988.
 
 Before FRIEDMAN, RICH and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The order of preliminary injunction, entered by the United States District Court for the Northern District of Georgia,[1] is affirmed.
 
 OPINION
 
 2
 The injunction was entered upon decision, after trial, of the misappropriation and contract issues. We agree with Reed that review of the grant of the injunction requires review of pertinent contract issues decided by the district court. The court's findings of fact and conclusions of law, made in connection with the grant of the injunction but filed after the notice of appeal, are deemed properly before us. Gibbs v. Buck, 307 U.S. 66, 78 (1939).
 
 
 3
 The injunction against continuing production and sale of the dispenser was based on the court's findings that Reed had misappropriated Coca-Cola's trade secrets, disclosed Coca-Cola's confidential and proprietary information, violated the non-competition provision of the agreement, and otherwise breached the development-production agreement with Coca-Cola. On the disputed facts, and conflicting testimony requiring credibility determinations, we conclude that the court's findings and conclusions have not been shown to be clearly erroneous or contrary to law.
 
 
 4
 The district court correctly held that the terms under which Reed agreed not to use or disclose information learned from or developed for Coca-Cola were valid commercial undertakings. Reed was a commercial entity operating under a freely negotiated contract. The courts will not disturb such arrangements unless the provisions are clearly unreasonable in light of the business sought to be protected. Durham v. Stand-By Labor of Georgia, Inc., 230 Ga. 558, 561, 198 S.E.2d 145, 149 (1973); Alexis, Inc. v. Werbell, 209 Ga. 665, 670, 75 S.E.2d 168, 172 (1953); see also Universal Gym Equip., Inc. v. ERWA Exercise Equip. Ltd., 827 F.2d 1542, 4 USPQ2d 1035 (Fed.Cir.1987); Business Intelligence Services, Inc. v. Hudson, 580 F.Supp. 1068, 1073 (S.D.N.Y.1984).
 
 
 5
 The district court found that there would be irreparable harm to Coca-Cola's reputation and market. The court also observed that Reed had transferred its assets to Tomorrow Beverage Systems, and that Tomorrow Beverage Systems was continuing production and sale of the offending dispensers despite the court's Order of January 12, 1988. Reed did not dispute the district court's finding that Reed would not be able to respond in damages. Reviewing the arguments on both sides, the trial court's determination that the balance of hardships favors Coca-Cola is not clear error. See Wesley-Jessen, Inc. v. Armento, 519 F.Supp. 1352, 1355 (N.D.Ga.1981). The court also stated, although it was disputed by Reed, that the public interest is served by protection of these trade secret and contract rights.
 
 
 6
 On the evidence before it, the district court acted within its discretionary authority in granting the injunction.
 
 
 
 [1]
 Coca-Cola Company v. Reed Industries, Inc., No. 1:85-CV-3235-MHS (N.D.Ga. February 22, 1988)