**DURACELL INC., Plaintiff,**

v.

**SW CONSULTANTS, INC.; Power Plus of America, Inc.; Garry Syme; Andrew S. "Steve" Whaley; and Ronald Putt, Defendant.**

**No. 1:88–CV–2786–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 12, 1989.

---

572

William A. Clineburg, Jr., Daniel James King, Sean R. Smith, King & Spalding, Atlanta, Ga., Gregg A. Dwyer, Bethel, Conn., Ronald S. Cornell, Needham, Mass., for plaintiff.

James C. Gaulden, Jr., Stephen Craig Whicker, Brent & Valianos, Atlanta, Ga., Robert A. Meister, Milgrim Thomajan & Lee, New York City, for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is currently before the court on the defendants' motion to dismiss and on the defendants' motion for a more definite statement. Plaintiff, Duracell, is a manufacturer of alkaline batteries. The defendants, Garry Syme, Steve Whaley and Ronald Putt are former employees of Duracell's Norcross, Georgia plant. In the nine count complaint filed in this action, Duracell charges defendants, Syme, Whaley and Putt and the companies they formed, SW Consultants and Power Plus, with patent infringement, theft of trade secrets, breach of confidential agreements, inducing others to breach confidential agreements, breach of fiduciary duties, constructive fraud, unjust enrichment and violations of state and federal RICO statutes. Essentially plaintiff has alleged that the defendants misappropriated numerous of Duracell's trade secrets and confidential data and stole documents and other items for use in their newly formed companies.

## FACTS

The plaintiff in this case Duracell, Inc., is one of the leading manufacturers of alkaline batteries in the world. Memorandum of Law in Support of Defendants' Motion to Dismiss, p. 1. The individual defendants, Syme, Whaley and Putt are all former employees of Duracell, Inc. Syme worked eighteen years with Duracell in various capacities and in various locations throughout the United States. Whaley worked for Duracell approximately seven and one half years, and defendant Putt worked in the Duracell plant for four years. In 1987 these three defendants were working in Duracell's "technology plant" in Norcross, Georgia when Duracell decided to close the plant. All three employees were laid off. *Id.* at 2.

Defendants Syme, Whaley and Putt then formed SW Consultants primarily to provide consulting services for companies interested in the manufacture of alkaline batteries. *Id.* at 2. Through SW Consultants the defendants apparently got involved with Cegasa (a European corporation involved in the production of batteries and battery components, among other things) and developed a joint venture—Power Plus. Power Plus is a Georgia corporation formed in late 1987 which manufactures and produces alkaline batteries. Duracell has now brought this action against Syme, Whaley and Putt as well as SW Consultants and Power Plus for damages and injunctive relief.

Now before the court is defendants' motion to dismiss counts Two, Three, Four and Seven of the plaintiff's complaint. Defendants move to dismiss counts Two and Seven for failure to plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, and move to dismiss counts Three and Four on the grounds that they fail to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Defendant has also asked in the alternative for a more definite statement pursuant to Rule 12(e) for these counts as well as counts Five, Six, Eight and Nine. The court will discuss the motion to dismiss first.

## DISCUSSION

### I. Motion to Dismiss

#### A. *Count Two—Federal RICO*

Count Two of the Complaint alleges a violation of the Federal RICO statute, 18 U.S.C. § 1961 et seq.. To state a private claim for relief under RICO, a plaintiff must allege that he or she has been injured in his or her business or property by reason of a violation 18 U.S.C. § 1962. 18 U.S.C. § 1964. Among other things, a violation of § 1962 requires proof that the defendant has engaged in "a pattern of racketeering activity". *Sedima S.P.R.L. v. Imrex*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The RICO statute defines "racketeering activity" to include any act which is indictable under 18 U.S.C. §§ 1341 and 1343—the mail and wire fraud statutes. *Durham v. Business Management Assoc.*, 847 F.2d 1505 (11th Cir.1988). In Count Two of the Complaint in this case, the plaintiff alleges that "[d]efendants' scheme deprived Duracell of property by means of false or fraudulent pretenses, representations or promises, and has therefore amounted to repeated violations of the federal mail fraud statute ... and the federal wire fraud statute...." Complaint ¶ 35.

The Federal Rules of Civil Procedure generally require only that a complaint set forth a short and plain statement of the plaintiff's claim. Fed.R.Civ.P. 8(a). However, Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) was not intended to abrogate the "notice" pleading requirements set forth in Rule 8, however, it has singled out one area—fraud—where the court will require that the circumstances constituting the cause of action be plead with some degree of particularity. *Durham v. Business Management Assoc.*, 847 F.2d at 1511. This requirement was intended to protect potential defendants from incurring harm to their reputations from blanket unfounded accusations of fraudulent conduct, and to provide defendants with sufficient notice

of the offending conduct to prepare a defense to a fraud charge. *Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364 (N.D.Ga.1984) (Moye, J.).

■ It has generally been held that Rule 9(b) Fed.R.Civ.P. applies to RICO claims in which the predicate acts include allegations of fraud. *Shared Network Technologies, Inc. v. Taylor*, 669 F.Supp. 422 (N.D.Ga. 1987) (Hall, J.); *Doxie v. Ford Motor Credit Co.*, 603 F.Supp. 624 (S.D.Ga.1984). Though specific allegations of time and place are not required under the rule, the "particularity" requirement does compel the plaintiff to inject some measure of precision and substantiation into his or her allegations of mail and wire fraud. *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3rd Cir.1984).

In the instant case, plaintiff has given the defendants none of the specifics of an allegation of fraud. The complaint does not allege what confidential information or trade secrets were misappropriated by whom how or when. The complaint asserts certain facts upon information and belief but gives no basis for the information and belief. *Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979). The court finds that the plaintiff has not pled the predicate acts of its Federal RICO claim with sufficient specificity. Count Two of the Complaint is DISMISSED. The court will grant the plaintiff 30 days within which to amend the complaint to plead this cause of action with particularity.

### B. *Count Seven—Common Law Fraud*

Count Seven of the complaint attempts to allege a constructive fraud claim under O.C.G.A. § 23-2-51. Rule 9(b) pleading requirements would apply to this count as well as the RICO count. Plaintiff has not plead constructive fraud with particularity, therefore, Count Seven of the complaint is DISMISSED. Plaintiff is granted 30 days from the date of this order within which to amend the complaint to plead this cause of action with particularity.

### C. *Count Three—Georgia RICO*

Count Three of the complaint alleges a violation of the Georgia RICO statute, O.C.G.A. § 16-14-1, which is substantially similar to the Federal statute. *Stanton v. Shearson Lehman/American Express, Inc.*, 622 F.Supp. 293 (N.D.Ga.1985) (Hall, J.). The only difference between the Federal RICO claim and its Georgia counterpart is the predicate acts alleged by the plaintiff in the Georgia claim are naturally state law violations rather than mail and wire fraud. Count Three alleges repeated acts in violation of O.C.G.A. § 16-8-13 (Theft of Trade Secrets) as the predicate acts necessary for a pattern of racketeering activity under Georgia RICO. In Section I.A. of this order, the court held that in a federal RICO claim the predicate acts of mail and wire fraud needed to be plead with specificity. Since there is no allegation of fraud in Count Three, there is no requirement that the plaintiff plead more than the traditional specifications of Rule 8 notice pleading. Defendants' motion to dismiss Count Three is DENIED.

### D. *Count Four—Nondisclosure Covenants*

■ In Count Four of the complaint, plaintiff charges that the individual defendants have breached their confidentiality contracts with Duracell. In connection with their employment with Duracell, all three defendants signed contracts purporting to limit their ability to disclose "trade secrets ... or any secret or confidential information" relating to the business of the company. Complaint, Exhibits A, B, & C. Defendants claim that these contracts are void on their face as contracts in restraint of trade because the covenants are not limited in either time or area.

Georgia law has expressed a strong policy disfavoring covenants not to compete. *Durham v. Stand–By Labor*, 230 Ga. 558, 198 S.E.2d 145 (1973). Nondisclosure covenants which purport to limit a former employee's ability to use information gathered while employed have traditionally been tested to see if the restrictions are reasonable. *Id.* Georgia courts have recognized

that information such as customer lists and manufacturing techniques that may not rise to the stature of trade secrets can nonetheless represent a material investment of an employers' time and money and constitute a valuable asset worthy of protection by contract. *Id.* 230 Ga. at 564, 198 S.E.2d 145; *Wesley–Jessen, Inc. v. Armento,* 519 F.Supp. 1352 (N.D.Ga.1981) (Hall, J.).

The Georgia Supreme Court in *Durham v. Stand By Labor,* 230 Ga. at 564, 198 S.E.2d 145, set out a two prong test for determining whether restraints on disclosure are reasonable. The factors the Durham court considered were (1) whether the employer is attempting to protect confidential information relating to the business such as trade secrets, methods of operation, names of customers, personnel data and so on; and (2) whether the restraint is reasonably related to the protection of that information. The Duracell covenants clearly protect the kind of tangible information or data referred to in prong one of the Durham test.[1] The Durham court held that "when a duty has been imposed upon an employee pursuant to contract not to disclose confidential business information upon termination of employment, public policy is swung in favor of protecting these commercial intangibles and preventing unfair methods of exploiting them in breach of duty." 230 Ga. at 563, 198 S.E.2d 145; *See also, Wesley–Jessen,* 519 F.Supp. at 1361.

The court's next inquiry, under the second prong of the Durham test, is whether the restraint is reasonably related to the protection of the information. In more recent cases, the Georgia Supreme Court has allowed an employer to contract with his or her employee for nondisclosure through broad covenants if the employer is not trying to protect items of subjective knowledge such as the employee's aptitude, skill, dexterity, or manual and mental ability. *Nunn v. Orkin Exterminating Co.,* 256 Ga. 558, 350 S.E.2d 425 (1986). In *Nunn v. Orkin* the Supreme Court held that when a limitation is placed on the disclosure of confidential information that does not inhibit a former employee's use of subjective knowledge he or she has acquired, the restraint is not unreasonable even if it is not limited as to time. *Id.* 256 Ga. at 560, 350 S.E.2d 425. The nondisclosure covenants at issue here are not unreasonable as a matter of law simply because they are not limited in time. The reasonableness of the covenants is an issue of fact to be determined based on the legitimacy of the business need to protect the information sought to be protected. *Durham v. Stand–By Labor,* 230 Ga. at 559, 198 S.E.2d 145.

---

**1.** There are actually two different restrictive clauses at issue. In defendant Syme's contract the clause provides:

(2) TRADE SECRETS. At all times during and after my employment by the COMPANY, to hold in strictest confidence and not to use or to disclose ... any trade secrets such as (but not limited to) inventions, manufacturing techniques, special equipment, processes, formulae, data or any secret confidential information relating to the business of the COMPANY ... All memoranda, notes, records, sketches, drawings, reports or other documents made or compiled by me or made available to me while employed, concerning trade secrets or confidential information relating to the business of the COMPANY, shall be the COMPANY's property and shall be delivered by me to the COMPANY on termination of my employment or at any other time on request.

Defendants Whaley and Putt's agreement provides:

3. COMPANY INFORMATION. I recognize that in its business the COMPANY constantly generates and uses commercially valuable proprietary and confidential information and that the COMPANY has a legitimate interest in safeguarding such information. Since I may come into possession of or become acquainted with such information through my work assignments and may contribute thereto either through inventions product improvements or otherwise, I agree:

(a) at all times during and after my employment by the COMPANY to hold in strictest confidence and not to use or disclose ... any of the COMPANY's proprietary and confidential information ... I hereby confirm that all memoranda, notes, records, sketches, drawings, reports, computer programs, computer generated data and information or other data made or compiled by me, or which were made available to me while employed by the COMPANY, shall be the COMPANY's sole property and, as such, all copies of the same shall be delivered by me to the company upon termination of my employment or at any other time upon the company's request.

Defendants' motion to dismiss Count Four of the complaint is DENIED.

## II. Motion for a More Definite Statement

■■ Defendant has made a motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of Counts Two, Three, Four, Five, Six, Seven, Eight and Nine of the Complaint. Rule 12(e) motions are greatly disfavored by the courts. Wright & Miller, Federal Practice and Procedure § 1376. A motion for a more definite statement is properly made only if a pleading is so vague or ambiguous that a party is not reasonably able to frame a responsive pleading. *United States by Clark v. Georgia Power Company*, 301 F.Supp. 538 (N.D.Ga.1969) (Henderson, J.).

The court has dismissed Counts Two and Seven of the complaint for failure to plead fraud with specificity and granted the plaintiff leave to amend to add the particularity required by Rule 9(b). Plaintiff properly points out that much of the information defendants seek in their motion for a more definite statement is properly reserved for pretrial discovery.

Though the complaint is not laden with facts surrounding the various counts, it is the Court's view that the defendants have been adequately informed of the basic charges against them and can frame a responsive pleading. Any additional information the defendants need should be sought through pretrial discovery if it is not supplied in an amended answer.

This complaint fulfills the notice requirement of the Federal pleading rules (other than counts Two and Seven which have fallen victim to the more stringent requirements of Rule 9(b)). Defendants' motion for a more definite statement is DENIED.

CONCLUSION

For the above stated reasons, Defendants' motion to dismiss is GRANTED as to Count Two and Count Seven of the plaintiff's complaint. Defendants' motion to dismiss is DENIED as to Count Three and Count Four. Plaintiff is GRANTED leave to amend the complaint to conform to the pleading requirements of Rule 9(b) until

June 12, 1989. Defendants' motion for a more definite statement is DENIED.

So ORDERED.